## MICHAEL F. KELLEY'S (dependent's) CASE.

Worcester.    November 5, 1915. — February 8, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act*, Dependency.    *Words*, "Next of kin."

In the provision of the workmen's compensation act contained in St. 1911, c. 751, Part V, § 2, that "'Dependents' shall mean members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury," the words "next of kin" mean those nearest in degree by consanguinity, and, where the father of a deceased employee is living, although not dependent upon him for support, a brother of the employee, although he was partly dependent upon his earnings for support, cannot receive compensation as a dependent under the act.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board that John T. McGrath was partially dependent for support upon the earnings of his minor half brother

Michael F. Kelley at the time of his death. Kelley was employed as a mill helper and on February 17, 1914, when he was sixteen years of age, received an injury arising out of and in the course of his employment, which resulted in his death on February 24, 1914.

The claim for compensation was made by John T. McGrath and Mary McGrath, his wife, and an arbitration committee found that Mary McGrath was partially dependent upon the earnings of the deceased employee for support, but in the decision of the Industrial Accident Board it was stated that the claim was filed by John T. McGrath and that Mary McGrath was not "a claimant before the committee or board." The insurer's first three requests for rulings, mentioned in the opinion, were to the effect that Mary McGrath was not entitled to compensation, that she was not one of the next of kin of Michael F. Kelley and was not a member of his family. The facts found by the Industrial Accident Board are stated in the opinion.

In the Superior Court the case was heard by *Sanderson, J.*, who made a decree confirming the decision of the Industrial Accident Board and ordering that there be paid to John T. McGrath a weekly compensation of $3.17 for the period of three hundred weeks from February 17, 1914, the date of the injury to the deceased employee. The insurer appealed.

St. 1911, c. 751, Part V, § 2, contains, among other definitions, the following: "'Dependents' shall mean members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury."

The case was submitted on briefs.

*C. C. Milton & F. L. Riley,* for the insurer.

*J. F. McGrath & W. A. Loughlin,* for the alleged dependent.

BRALEY, J. By the findings of the Industrial Accident Board the insurer's first three requests for rulings become immaterial. *Pigeon's Case,* 216 Mass. 51.

But, even if Mary McGrath is not a dependent, the insurer contends that there is no evidence which would justify a finding that John T. McGrath, the remaining claimant, was a dependent within the meaning of the statute. The facts shown by the record are that, because of the death of his mother and the intemperate

habits of his father, the employee, a minor sixteen years of age, when he was mortally injured, lived at the home of the claimant, his half brother, of whose family he is expressly found to have been a member. The household affairs were managed by Mary McGrath to whom her husband and the decedent gave their entire weekly wages, and from this fund the household, consisting of the employee and the husband and wife with their two minor children were supported. It follows that the employee was a member of the family of the claimant who was partially dependent upon his wages for support. St. 1911, c. 751, Part II, § 6. *Dodge* v. *Boston & Providence Railroad,* 154 Mass. 299, 301. *Murphy's Case,* 218 Mass. 278.

But, as the employee's father survived, and as Part V, § 2, of the statute provides that dependents shall mean members of the employee's family or next of kin who were wholly or partially dependent upon the earnings of the employee for support at the time of the injury, the question is whether the claimant comes within the second clause of the definition. The statute deals with the relation of employer and employee and, while no reference is made to our statutes of descent and distributions, the St. of 1887, c. 270, § 2, now St. 1909, c. 514, § 129, commonly known as the employers' liability act in its later form, also provides, that, where through the employer's negligence, or of those for whose negligence he was made liable, the employee was instantly killed or died without conscious suffering, "his widow, or if he leaves no widow, his next of kin, who, at the time of his death, were dependent upon his wages for support, shall have a right of action for damages against the employer." The Pub. Sts. cc. 135, 125, in force when the statute first was enacted contain the same provisions relating to the inheritance of personal property as the R. L. cc. 140, 133. And it was held in *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1, 5, where the deceased employee left as his only heirs a brother and sister, and in *Welch* v. *New York, New Haven, & Hartford Railroad,* 176 Mass. 393, where the sole heirs were his father and mother, that the sister and mother if actually dependent could recover although the brother and husband would have shared equally if the question had arisen over the distribution of the intestate's personal property. A like construction of the present statute may be found in *Herrick's Case,* 217 Mass. 111, where the

employee having left two daughters, one married and one single, the unmarried daughter being wholly dependent was awarded compensation accordingly. It is plain from not only these decisions but the wording of the statute that, while dependency determines the right to compensation, it is also necessary that the dependent should be in the same degree of kinship as the statutory heir or heirs. It is true that the object of the statute is to provide in place of the wages of the deceased employee the means of sustenance for his widow and other dependents. *Cripps's Case*, 216 Mass. 586, 589. And, if dependents are to be ascertained solely from those nearest in blood, it may happen that, where a father and mother survive who are not dependent, a sister wholly dependent must be denied relief. Or, if the employee leaves no widow but only children who are amply provided for by marriage or otherwise are self supporting, and an indigent mother wholly dependent upon him, the mother is not within the statute.

But the words "next of kin" as used in our laws uniformly refer to those who are nearest in degree by consanguinity. *Swasey* v. *Jaques*, 144 Mass. 135. It must be assumed that this term as used in the statute was intended by the Legislature to have this well recognized meaning, and we cannot construe "next of kin" as being the equivalent of dependent next of kindred which would embrace all dependents without regard to the degree. *Shelton* v. *Sears*, 187 Mass. 455. *Heidecamp* v. *Jersey City, Hoboken & Patterson Street Railway*, 40 Vroom, 284. *Chicago & Alton Railroad* v. *Shannon*, 43 Ill. 338, 345, 346. *Clarkson* v. *Hatton*, 143 Mo. 47. The claimant cites *Caliendo's Case*, 219 Mass. 498, where the mother and the sister of the employee shared equally in the award, but the question whether they were in the same degree of kinship was not raised or considered.

The decree must be reversed and the claim disallowed.

*Ordered accordingly.*