EDWIN C. NEWMAN'S (dependent's) CASE.

Suffolk.    October 21, 1915. — February 9, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Dependency.   *Husband and Wife.   Words,*
"Final," "Justifiable cause," "Family."

Under the provisions of St. 1911, c. 751, Part II, § 7 (*a*), as amended by St. 1914,
c. 708, § 3, that there shall be presumed to have been wholly dependent for sup-
port upon a deceased employee "A wife upon a husband with whom she lives at
the time of his death, or from whom, at the time of his death, the Industrial
Accident Board shall find the wife was living apart for justifiable cause or because
he had deserted her," and that "the findings of the board upon the questions of
such justifiable cause and desertion shall be final," a finding of the Industrial
Accident Board that at the time of the death of a deceased employee his wife
was living apart from him for a justifiable cause only is "final" where there
was evidence to warrant such a finding.

Where a husband and wife separated by mutual consent because at the time of their
separation he was earning only $11 a week and "was not supporting her as she
needed to be supported," and where thereafter the husband and wife continued
to live apart for a number of years until the husband died when he was earning
$21.60 a week, the wife cannot be found to have been living apart from her hus-
band for justifiable cause at the time of his death, and therefore cannot be con-
clusively presumed to have been wholly dependent upon him for support under
St. 1911, c. 571, Part II, § 7 (*a*), as amended by St. 1914, c. 708, § 3.

In such a case the question of the dependency of the wife must "be determined
in accordance with the fact, as the fact may be at the time of the injury," as
provided in St. 1911, c. 751, Part II, § 7 (*c*).

Under the provision of the workmen's compensation act, contained in St. 1911,
c. 751, Part V, § 2, that "'Dependents' shall mean members of the employee's
family or next of kin who were wholly or partly dependent upon the earnings
of the employee for support at the time of the injury," the wife of an employee
who was not living with him at the time of the injury may be found to have
been a member of his family at that time.

APPEAL to the Superior Court under St. 1911, c. 751, Part III,
§ 11, as amended by St. 1912, c. 571, § 14, from a decision of the
Industrial Accident Board.

The appeal was heard by *Wait,* J., who made a decree as fol-
lows:

"It appearing that the decision of the said board is that Flor-
ence M. Newman, widow of the deceased employee, was living
apart from him for justifiable cause at the time of his injury and

death due to his failure to provide a suitable home for her and her children, and further that the claimant's widow who was living apart from the deceased employee for justifiable cause is conclusively presumed to be dependent on his support and is entitled to weekly compensation for a period of four hundred weeks from October 31, 1914, the date of the injury:

"It is ordered, adjudged and decreed that the New England Casualty Company, the insurer, pay to the said Florence M. Newman a weekly compensation of $10 a week for a period of four hundred weeks from October 31, 1914."

The insurer appealed.

St. 1911, c. 751, Part II, § 7 (a), as amended by St. 1914, c. 708, § 3, is as follows:

"Section 7. The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

(a) A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death, the Industrial Accident Board shall find the wife was living apart for justifiable cause or because he had deserted her. The findings of the board upon the questions of such justifiable cause and desertion shall be final."

C. A. Dunham, for the insurer.

T. H. Buttimer, for the dependent widow.

CROSBY, J. This is a proceeding under the workmen's compensation act by which the widow of Edwin C. Newman seeks compensation upon the ground that she was wholly dependent upon her husband on October 31, 1914, the date of his death. St. 1911, c. 751, Part II, § 7 (a), as amended by St. 1914, c. 708, § 3.

The claimant was married to Newman in 1904. Three children were born as the result of the marriage. Several years ago the children were taken away from the parents and placed in the care of a charitable association where one of them, a boy, Richard Newman, twelve years of age, now is; the other two children have died.

The widow testified before the arbitration committee that at the time the children were taken away her husband was earning $11 a week and that they were unable to live upon this sum; that she asked her husband for permission to go to work "as he was

not supporting her as she needed to be supported;" that he went to Maine to work; that before leaving he told her to sell the furniture and to get money on an insurance book which he had; that afterwards she sent him $10 out of what she realized from the furniture and insurance and kept the rest. She also testified that he sent her money at different times when she was not at work, and that when she hired rooms he always paid the rent, and on several occasions gave or sent her money to buy clothes. She also testified that they occupied the same room on two or three occasions after they separated. She further testified that they had repeatedly talked about housekeeping and making a home for the boy, and that she had been saving money for that purpose. When the furniture was sold and they began to live apart does not clearly appear from the record, but apparently it was several years before his death, as she testified that he was away working out of the State for four or five years.

The arbitration committee found that the average weekly wages of the deceased were $21.60; that she "was wholly dependent upon her husband; that they lived together as man and wife; that he regularly sent her money for her support; that there was such an actual living together as brought her within the class of a wife who was living with her husband at the time of his death and hence conclusively presumed to be wholly dependent." The committee further reported that, if it should be held by the court that the facts found by it "did not constitute a living together, within the meaning of the statute, then we find that if she was living apart from her husband, it was for a justifiable cause due to his failure properly to provide a suitable home for her and her children."

The findings of the Industrial Accident Board show that no additional evidence was presented at the hearing on review, and that the case was decided by the board upon the report filed by the arbitration committee, "said report containing all the material evidence pertaining thereto." The board does not sustain the finding of the committee that the claimant was living with her husband at the time of his death, but finds that at that time she was living apart from him for a justifiable cause "due to his failure to provide a suitable home for her and her children."

It is plain that the claimant was not living with her husband at the time of his death. This is settled by *Nelson's Case*, 217

Mass. 467. A careful examination of the evidence plainly shows that several years before the death of the husband he and his wife separated by mutual consent and agreement, and continued to live apart up to the time of his death. There is nothing to show that the deceased ill treated his wife or that there was any reason for their agreeing to live apart except that "he was not supporting her as she needed to be supported." He was earning $11 a week at the time of the separation, and it is not contended that his earnings were not used for the support of his family. In other words, so far as the evidence shows, he was discharging the duty which he owed to his family and was not guilty of any misconduct toward its members aside from the fact that he was earning but $11 a week. There is nothing to show that he was able to earn any larger sum although at the time of his death he was earning $21.60 a week.

The workmen's compensation act as amended provides that "The findings of the board upon the questions of such justifiable cause and desertion shall be final." St. 1914, c. 708, § 3 (a). It follows that if there was any evidence to warrant the finding of the board, it must stand. The correct determination of this question depends upon what is meant by the phrase "living apart for justifiable cause." These words have been interpreted by this court in numerous decisions. They have been construed in divorce proceedings brought by a wife against her husband for desertion, in petitions brought by her for separate support and maintenance, as well as in actions brought against the husband to recover for necessaries furnished to his wife. These words have acquired a peculiar and appropriate meaning in the law. We are therefore bound to construe them in accordance with such meaning. This is the rule of exposition stated in R. L. c. 8, § 4, cl. 3. Where a woman lives apart from her husband and it is contended that such separation is for justifiable cause, ordinarily it must appear that such living apart is due to some failure of duty or misconduct on the part of the husband, but this classification does not exclude cases of living apart because of physical or mental infirmities of either or both husband and wife. If the wife lives apart from her husband by mutual consent, she is not living apart from him for justifiable cause, and she is not entitled to a divorce upon the ground of desertion. *Lea* v. *Lea,* 8 Allen, 418. "A deser-

tion consented to is not a desertion." *Ford* v. *Ford*, 143 Mass. 577, 578.

So in actions brought against a husband for support furnished his wife, if she is living apart from him for a justifiable cause or with his consent, he is liable, but unless he consented to her living apart from him, and in the absence of misconduct on his part toward her, she is not justified in leaving her husband's house and demanding support on his credit elsewhere. In other words, she does not live apart from him for justifiable cause if there is no failure of marital duty on his part. *Mayhew* v. *Thayer*, 8 Gray, 172. *Sturbridge* v. *Franklin*, 160 Mass. 149. *Watts* v. *Watts*, 160 Mass. 464.

It has been held by this court that ill treatment or misconduct by a husband may be of such a character as to show that his wife is living apart from him for justifiable cause, although the cause might not be sufficient to entitle her to a divorce. *Lyster* v. *Lyster*, 111 Mass. 327. *Watts* v. *Watts*, 160 Mass. 464, 468. R. L. c. 153, § 33.

The case of *Burlen* v. *Shannon*, 14 Gray, 433, cited by the claimant, is not an authority in her favor. In that case the plaintiff brought an action to recover for board furnished to the defendant's wife who was found to have been obliged to leave her home by reason of her husband's cruelty, and that she lived apart from him with his consent. As the law imposes upon a husband the obligation to support his wife, he is equally bound to pay for such support to whoever furnishes it while she lives away from him, whether such separation is caused by his ill treatment or by his consent or both. *Sturbridge* v. *Franklin*, 160 Mass. 149. *Mayhew* v. *Thayer*, 8 Gray, 172.

If we assume that when the deceased and his wife separated several years ago by mutual consent such separation was justifiable at that time because he was not earning enough to support his family, it also appears that at the time of his death his earnings had nearly doubled and she still continued to live away from him by mutual agreement. As the words in question have a well settled and fixed meaning in the law, and as it is our duty in interpreting them to give that meaning, it must be held upon the facts as disclosed by the evidence in this case that the wife of the deceased was not living apart from her husband for justifiable

cause, and that there was no evidence to warrant such a finding. In adopting the language used in the act, it is reasonable to infer that the Legislature intended that such language should be interpreted and understood as it had been previously and uniformly construed by this court, especially as there is nothing in the act to show a contrary intention.

The Industrial Accident Board should have determined as a fact whether the widow was dependent upon her husband at the time of his death, under St. 1911, c. 751, Part V, § 2, and Part II, § 7 (c), as amended by St. 1914, c. 708, § 3. Section 2 of c. 751, Part V, provides that "'Dependents' shall mean members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury." The word "family" has been frequently a subject for interpretation. While in its ordinary and primary sense the term signifies persons living in one house, still it is often used in common speech as including husband and wife. As was said in *Bowditch* v. *Andrew*, 8 Allen, 339, at page 341, "The word 'family' may, undoubtedly, sometimes be so used as to include a wife as well as children." *Bates* v. *Dewson*, 128 Mass. 334. See also *Brokart* v. *Ogle*, 170 Ill. 115; *Goss* v. *Harris*, 117 Ga. 345; *Baum* v. *Turner*, 139 Ky. 597; *Aultman* v. *Miller & Co.* 68 Kans. 640. This is not inconsistent with *Dodge* v. *Boston & Providence Railroad*, 154 Mass. 299, or numerous other cases where the context has shown that it referred to members of a household.

In view of the purpose sought to be accomplished by the workmen's compensation act, we are of opinion that the wife of an employee may be found to be a member of his family even if not actually living with him at the time of the injury. This result is in accord with *Nelson's Case*, 217 Mass. 467, and *Gallagher's Case*, 219 Mass. 140.

The case is to be recommitted to the Industrial Accident Board, where the dependent may move for a hearing and the introduction of further evidence. If the motion is granted and upon further hearing new facts are shown, the case should be considered anew. Otherwise, a finding must be made in favor of the insurer.

*So ordered.*