### HERBERT E. COWDEN'S (dependent's) Case.

Worcester.    October 2, 3, 1916. — October 10, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act*, Dependency, Form of decree. *Adoption. Words,* "Family," "Next of kin."

By the definition of dependents who are entitled to compensation under the workmen's compensation act contained in St. 1911, c. 751, Part V, § 2, such dependents must be either members of the employee's family or his next of kin.

Where a deceased employee maintained no household and was a boarder in the family of another where for about three months before his death he paid for the board of a natural half sister who was his sister by adoption, it cannot be found that such sister was a member of his family within the definition of dependents contained in the workmen's compensation act.

The words "next of kin" as used in the definition of dependents under the workmen's compensation act contained in St. 1911, c. 751, Part V, § 2, mean the kin who are nearest in degree.

A natural half sister who also was the sister by adoption of a deceased employee cannot be the next of kin of such deceased employee within the definition of dependents contained in the workmen's compensation act, if the adopting father of the employee was living at the time of his death, because under R. L. c. 154, § 7; c. 133, § 1, the adopting father was his next of kin.

A decree of the Superior Court, affirming a decision of the Industrial Accident Board dismissing a claim under the workmen's compensation act, included matter in the nature of an opinion, and this court, in affirming the order made by the decree of the Superior Court, ordered that such decree be modified by striking out all the words thereof and substituting therefor the following: "This case came on to be heard at this sitting and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the claimant was not a dependent upon the employee at the time of his injury, and that the case is dismissed."

Rugg, C. J.  The pertinent facts are that the deceased employee, Herbert E. Cowden, was the natural son of a woman who subsequently married a man named Erford A. Cowden.  The claimant, Edith M. Cowden, was a daughter of this marriage.  Herbert was adopted by Erford A. Cowden according to law, his wife, the mother of Herbert, joining in the petition.  The mother predeceased the employee, but the adopting father still is living.

The question to be decided is whether the claimant, Edith M. Cowden, was a dependent of Herbert E. Cowden, the deceased employee, at the time of the latter's injury, within the meaning of the workmen's compensation act.  The act in St. 1911, c. 751, Part V, § 2, defines dependents as "members of the employee's family or next of kin who were wholly or partially dependent upon the earnings of the employee for support at the time of the injury." Two general classes thus are created, who may be dependents; first, members of the employee's family, and second, his next of kin.

1.  The Industrial Accident Board has found that the claimant was not a member of the employee's family.  That finding must stand, for it is amply supported by evidence.  The employee was not the head of a family.  He maintained no household.  He simply was a boarder in the family of another.  He paid the board of the claimant for about three months before his death, in the same family.  He was under no obligation to support her.  That duty rested upon her father, who, as the board found, maintained a suitable home and repeatedly asked her to come to it.  These circumstances show that she was not a member of the family of the employee.  "Family" in its usual sense means "the collective body of persons who live in one house and under one head or management." *Dodge* v. *Boston & Providence Railroad,* 154 Mass. 299, 301.  That is the significance ordinarily attributed to the word under the act.  *Kelley's Case,* 222 Mass. 538.  See *Newman's Case,* 222 Mass. 563, 568.

2.  The claimant, being the natural half sister and the sister by adoption of the deceased employee, manifestly was not his next of kin, because his adopting father, being the only living parent, stands in the relation of next of kin to the deceased employee.  R. L. c. 154, § 7; c. 133, § 1.  The words "next of kin" in the workmen's compensation act refer to those who are nearest in degree.  *Kelley's Case,* 222 Mass. 538, 541.  *Murphy's Case,*

224 Mass. 592. The circumstance that, if there had been no adoption, or if the deceased had inherited property from his natural relatives through or from his mother, there might be a descent of that estate to some one other than the adopting father, is immaterial in this connection.

It becomes unnecessary to discuss other questions decided by the board and argued at the bar.

The final decree * is to be modified by striking out all the words thereof and by substituting therefor these words: "This case came on to be heard at this sitting and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the claimant was not a dependent upon the employee at the time of his injury, and that the case is dismissed." *Gould's Case,* 215 Mass. 480. Superior Court Rule, 37. As so modified, it is affirmed.

*So ordered.*

*M. M. Taylor,* for the dependent.
*C. C. Milton,* (*F. L. Riley* with him,) for the insurer.

———

* Made by *Callahan,* J. The decree declared that the petitioner was not a dependent upon the employee at the time of his death and ordered that the claim for compensation be dismissed. This was preceded, however, by matter in the nature of an opinion.