JEREMIAH MAHONEY'S (dependent's) CASE.

Suffolk.    November 19, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Dependency.   *Words,* "Family."

Where, in a claim under the workmen's compensation act by an alleged dependent
of a deceased employee, it appears that the employee, who· had a minor daugh-
ter, lived with his sister and her minor son in a house that formerly had belonged
to their mother, who had died intestate, that the sister had the exclusive man-
agement of the household affairs and that "nothing was ever said about board"
but that weekly payments of the employee contributed toward the support of
the household whenever he could obtain employment, and that he also pur-
chased some incidental household furnishings and ‘ supplies besides cultivating
the garden, it cannot be found that the employee's sister, who was not his
next of kin, was a member of his family so as to come within the definition
of "Dependents" contained in St. 1911, c. 751, Part V, § 2.

APPEAL to the Superior Court under St. 1911, c. 751, Part III,
§ 11, as amended by St. 1912, c. 571, § 14, from a decision of the
Industrial Accident Board, in which they found that the claimant,
Agnes M. Murphy, the sister of the deceased injured employee,
was a member of the employee's family, although not his next of
kin, and that she was partially dependent upon him for support,
and made her an award of compensation as such dependent.

In the Superior Court the case was heard by *Jenney,* J.   The
facts shown by the report are stated in the opinion.   The judge
made a decree in accordance with the decision of the Industrial
Accident Board; and the insurer appealed.

The definition of dependents contained in St. 1911, c. 751, Part
V, § 2, is as follows: "'Dependents' shall mean members of the
employee's family or next of kin who were wholly or partly de-
pendent upon the earnings of the employee for support at the time
of the injury."

The case was submitted on briefs.

*H. S. Avery,* for the insurer.

*M. F. Connelly,* for the claimant.

BRALEY, J.  We are of opinion that the decree for the claimant
must be reversed, and a decree for the insurer entered.   The de-

ceased employee having left a minor daughter, the claimant, his sister, is not the next of kin and can have no claim for compensation unless she was a member of his family partly dependent for support upon his earnings at the time of his death. *Kelley's Case,* 222 Mass. 538. St. 1911, c. 751, Part V, § 2.

While the claimant, her minor son and the employee lived together in the house formerly owned by the mother of the sister and brother, who died intestate, the claimant is shown to have had the exclusive management of the household affairs. And she and her son undoubtedly constituted a "family." *Murphy's Case,* 224 Mass. 592. It is uncontroverted that "nothing was ever said about board." But even so, it is plain on the record that the weekly payments of the employee contributed toward the support of the household whenever he could obtain employment, and the purchase of some incidental household furnishings and supplies as well as his cultivation of the garden did not make him the head of a family of which his sister and his nephew could be deemed members. *Cowden's Case,* 225 Mass. 66.

*Ordered accordingly.*