THOMAS O'FLYNN'S (dependent's) CASE.

Suffolk.    March 10, 1919. — April 12, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Dependency, Amount of compensation.

In a claim under the workmen's compensation act it can be found that a half brother of a deceased employee fourteen years of age was dependent upon the earnings of the deceased employee for support, although all the contributions of the deceased employee by which the half brother benefited were made to the stepmother of the deceased employee for the benefit of his half brother, who lived with her, and not to the boy directly.

In the claim above described it appeared that the stepmother and the half brother were the only members of the household, that the mother earned on the average $8 a week, which could have been found to have been sufficient for her own support, and that the deceased employee, who lived elsewhere, contributed $20 a month, which he gave to his stepmother intending that it should be used for the support of his half brother, whom he felt himself under a moral obligation to support. This contribution, amounting to $240 a year, was made by the deceased employee from his yearly earnings of $780. The Industrial Accident Board, in computing the amount of the compensation, based their finding on the subsidiary finding that the whole of the contribution of $20 a month paid by the deceased employee to his stepmother was for the benefit of his half brother. *Held,* that this court could not say that there was no evidence to support the findings of the board.

APPEAL to the Superior Court under the workmen's compensation act from a decision awarding compensation to Bernard J. C. O'Flynn, of Providence, Rhode Island, as a dependent upon the earnings of his deceased unmarried half brother Thomas O'Flynn, who lived in the part of Boston called Charlestown and was employed by the New England Bakery Company in Boston, and who died as the result of an injury received in the course of and arising out of his employment on April 29, 1917.

The case was heard by *J. F. Brown, J.* The proceedings and the evidence reported by the Industrial Accident Board are described in the opinion. The judge made a decree in accordance with the decision of the board; and the insurer appealed.

*L. C. Doyle,* for the insurer.

*T. J. Flynn,* (of Rhode Island,) for the dependent.

CARROLL, J. Thomas O'Flynn, the employee, received a fatal injury arising out of and in the course of his employment. His stepmother, Mary O'Flynn, claimed compensation, as did her son Bernard J. C. O'Flynn, fourteen years of age, a half brother of the deceased who lived with his mother.

The Industrial Accident Board found that Mrs. O'Flynn was not entitled to compensation; and refused the insurer's request that Bernard J. C. O'Flynn was not entitled to compensation because "there were no contributions directly to his support and he is not a dependent merely because he may indirectly have benefited by payments or contributions made to his mother" and awarded him compensation of $3.07 a week.

The board was right in refusing the request that Bernard was not entitled to compensation. His dependency upon the earnings of his brother Thomas was a question of fact to be determined upon all the evidence. Because the contributions were not made directly to Bernard, but were paid to the mother, did not deprive him of his right to rely on these contributions; and he was a dependent within the meaning of the workmen's compensation act, although the payments were not made directly to him, but were paid to another for his benefit.

The insurer also insists that the board was wrong in deciding that Bernard was entitled to compensation to the amount of $3.07 a week. Bernard and his mother lived in Providence, Rhode Island. There were no other members of the household.

The mother earned on an average $8 a week and the deceased employee contributed an average of $20 a month, which, with the amount earned by Mrs. O'Flynn, was used in the support of the family. The board based its finding on the fact that $240 each year was contributed for the support of Bernard from the yearly earnings of $780 of Thomas O'Flynn, and awarded compensation accordingly. The insurer contends that the monthly payments of $20 were placed in a common fund and were used for the support of both the mother and Bernard, that the compensation should be based accordingly upon an annual contribution of $120 instead of $240, making the compensation payable to Bernard $1.54 a week.

The extent of the dependency of the claimant was for the board to decide as a question of fact, and if there was any evidence to support its finding, we cannot disturb it. All the money contributed by Thomas, as well as the earnings of Mrs. O'Flynn, were used for the support of herself and Bernard. She was self-supporting and could have cared for herself without assistance if she did not have the care of Bernard. It was found that in giving the money to the mother, the employee intended that it should be used for the support of his brother, as he "regarded himself as morally obligated to help in Bernard's support."

There was evidence from which it might be fairly inferred that the earnings of Mrs. O'Flynn were sufficient merely for her own support, that the deceased employee felt that he was under a moral obligation to support his brother and that the monthly payments were paid for the brother's support. We cannot say there was no evidence to support these findings of the board.

*Decree affirmed.*