### ANDREA GRITTA'S (dependents') CASE.

Suffolk.   May 17, 1920. — June 23, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act,* Dependency.   *Parent and Child.   Illegitimacy. Words,* "Dependents," "Family."

A woman married in Italy, after her husband had been committed to prison there for life, came to the United States and, in good faith believing that there was no impediment to her marrying a second time, went through a marriage ceremony with a man by whom she afterwards had children.  Thereafter the putative father, the children and their mother lived together as one family and were supported by him until his death while in the employ of a subscriber under the workmen's compensation act.  Upon claims by the children for compensation under the act, it was *held,* that, although, being illegitimate, the children would not come within the description of "children" contained in St. 1911, c. 751, Part II, § 7 (c), as amended by Sts. 1914, c. 708, § 3 (c) ; 1919, c. 204, they might be found to be members of the employee's family wholly dependent upon his earnings for support at the time of his death, and therefore to be dependents under the definition in St. 1911, c. 751, Part V, § 2, and to be entitled to compensation under Part II, § 7 of the act.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision of the Industrial Accident Board upon claims by Frances and Andrea, minor illegitimate children of Andrea Gritta. a deceased employee, for compensation under the act.

, The board by its decision denied requests by the insurer for the following rulings:

"2. On all the evidence, Frances and Andrea Pappalardo, otherwise known as Frances and Andrea Gritta, are not entitled to compensation.

"3. On all the evidence, Frances and Andrea Pappalardo, otherwise known as Frances and Andrea Gritta, were not members of the deceased employee's family."

The board also by its decision affirmed and adopted findings and rulings of a single member of the board, who had heard the case, in substance that the children were members of the family of the deceased employee and were wholly dependent upon him for support; and ruled that they were "entitled to compensation as total dependents at the rate of $10 per week for a period of four hundred weeks . . . unless sooner terminated under the workmen's compensation act."

Other material findings and rulings of the single member of the board, which were adopted by the board, are described in the opinion.

In the Superior Court by order of *Lawton*, J., a decree was entered directing that compensation be paid in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*J. F. Scannell*, for the insurer.

*A. D. Epstein*, for the claimants.

CROSBY, J. The record shows that Maria Pappalardo was married in Italy and lived there with her husband; that, before she left that country in 1911, her husband had been convicted of serious offences and committed to prison for life; that his wife then came to America, met the deceased employee, and later, about September 26, 1913, "went through a marriage ceremony, legal in form," with him; and that thereafter the parties lived together as husband and wife.

The single member of the Industrial Accident Board found that in entering into the alleged marriage contract she did so with the belief there was no legal obstacle to it and that "at no time was any question raised in her mind as to the legality of her marriage, until the present proceedings were begun;" that two children were born, and the parents and children lived together until the employee received an injury which resulted in his death; and further, that the children were totally dependent upon the deceased.

He also found that the mother is not entitled to compensation under the act; that finding, upon review, has been affirmed by the Industrial Accident Board without appeal. The board also affirmed the finding that the children did not come within the definition of "child or children" as those words are used in St. 1911, c. 751, Part II, § 7 (c), as amended by St. 1914, c. 708, § 3 (c), and St. 1919, c. 204. They must be held to refer only to a legitimate child or children. R. L. c. 133, § 3. *Baylis* v. *Baylis*, 207 N. Y. 446.

After defining the persons who are conclusively presumed to be wholly dependent for support upon a deceased employee, in Part II, § 7, it is further provided in the same section that "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury." Part V, § 2 defines dependents as follows: "'Dependents' shall mean members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury." In *Cowden's Case*, 225 Mass. 66, it was said at page 67: "'Family' in its usual sense means 'the collective body of persons who live in one house and under one head or management.' *Dodge* v. *Boston & Providence Railroad*, 154 Mass. 299, 301. That is the significance ordinarily attributed to the word under the act. *Kelley's Case*, 222 Mass. 538. See *Newman's Case*, 222 Mass. 563, 568." See cases cited 19 Cyc. 451, 452, 453. The board has found that the children were members of the employee's family; that finding is amply supported by the evidence. It would seem plain from the facts recited in the record, that these children from the date of their respective births lived with their mother and the employee until his death; that he supported them and they were a part of his family to the same extent as if their parents had been lawfully married. The deceased employee recognized the moral obligation which rested upon him to support the children and cared for them as his own lawful offspring, and manifestly they were in fact members of his family at the time of his death.

The question remains whether the illegitimacy of these children affects their status as members of the employee's family under the act. It is the contention of the insurer that, as the act

does not specifically include illegitimate children as entitled to its benefits, they should not be held to take by implication; and that in the interests of marital morality and sound public policy they should not be held to be members of the employee's family. Considerations of public policy which would prevent a wrongdoer from participating in the benefits of the act ought not to apply to innocent children born out of lawful matrimony; they are not responsible for their existence or status, they have committed no wrong, and they must be supported as the death of the employee has taken from them the care and maintenance which they had previously received from him as the head of the family. We are of opinion that upon the facts disclosed by the record they are entitled to compensation under the act.

Although the question has not previously been considered by this court, the conclusion reached is in harmony with that of courts in other jurisdictions where it has arisen under workmen's compensation acts containing provisions similar to our own in this respect. *Roberts* v. *Whaley*, 192 Mich. 133. *Scott's Case*, 117 Maine, 436. *Piccinim* v. *Connecticut Light & Power Co.* 93 Conn. 423.

The cases of *Bell* v. *Terry & Tench Co.* 177 App. Div. (N. Y.) 123; *S. C.* 163 N. Y. Supp. 733, *Scott* v. *Independent Ice Co.* 135 Md. 343, are not at variance with the conclusion here reached. The language of the workmen's compensation acts there construed is materially different from ours, and for that reason need not be considered.

It follows that the rulings two and three requested by the insurer, could not properly have been made.

*Decree affirmed.*