JOSEPH J. STAFFORD'S (dependent's) CASE.

Suffolk.   January 12, 1921. — March 4, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Workmen's Compensation Act,* Dependency.

An aunt of a deceased employee of a subscriber under the workmen's compensation act, who was not his next of kin and with whom, in a house owned by her husband until the husband's death and thereafter occupied by her as a tenant in common with her stepson, the furniture being owned by her, the employee and his sister had lived most of the time since early childhood and to whom the employee each week that he was with the household gave $15 from his weekly wages of $24.58, his sister also contributing from her wages, but to whom when he was away from the household, he gave nothing towards its maintenance, was not entitled to compensation as a dependent under St. 1911, c. 751, Part V, § 2.

CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of a decision of the Industrial Accident Board and papers in connection therewith, affirming and adopting findings and rulings of a single member of the board to whom had been referred a claim of Elizabeth A. Murphy, aunt of Joseph J. Stafford, whose life was lost while he was in the employ of E. S. Booth and Company, and dismissing the claim.

Material evidence and findings of the single member of the board are described in the opinion. In the Superior Court, by

order of *Wait*, J., a decree was entered dismissing the claim.    The claimant appealed.

*W. R. Bigelow*, for the claimant.

*G. Gleason*, for the insured.

DE COURCY, J.    The employee received injuries. arising out of and in the course of his employment, which resulted in his death on December 13, 1918.    He was unmarried, and the next of kin surviving him was his sister Louise.    The claimant, Elizabeth A. Murphy, was his aunt.    The employee and his sister had lived with her most of the time since childhood.    The house in which they lived had been owned for many years by the claimant's husband and, after his death in 1916, she owned one third interest therein and bought her stepson's two third interest in January, 1919.    It is agreed that the average weekly wage of the employee was $24.58.    He gave the claimant about $15 a week; and Louise, who earned $11 a week, after retaining what she needed, gave the remainder to her aunt.    Mrs. Murphy owned the household furniture and paid the household bills.

The workmen's compensation act defines dependents as "members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury."    St. 1911, c. 751, Part V, § 2.    Admittedly the claimant was not next of kin, since the employee's sister survived him.    The Industrial Accident Board has found that she was not a member of the employee's family; and this finding must stand, as it finds support in the evidence.    In the language of the board member: "The deceased had, to a very considerable extent, been brought up by the petitioner.    As a boy he certainly had not been the head of the family.    While away from the household in later years, he had made no contribution to keep the household going.    He at one time left the household because of trouble with . . . [his aunt's stepson].    This does not indicate that he had 'the exclusive management of the household affairs.'    Nothing in the evidence tends to indicate that the deceased at any time thereafter assumed such control.    The testimony of the claimant showed pretty plainly that she considered that she was the controlling and predominating factor in keeping the household intact."    The board was warranted in finding that the employee was a member of his aunt's family, rather than the head of

a family of which she was a member.  *Kelley's Case*, 222 Mass. 538.  *Cowden's Case*, 225 Mass. 66.  *Mahoney's Case*, 228 Mass. 555.  *Pass's Case*, 232 Mass. 515.

*Decree affirmed.*