JOHN PETERSON'S (dependent's) CASE.

Suffolk.   January 9, 1930. — January 29, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Dependency.

At the hearing of a claim under the workmen's compensation act for compensation by reason of the death of an employee of a subscriber caused by an injury which arose out of and in the course of his employment, it appeared that at the time of his death the employee was over twenty-one years of age; that he left surviving him a mother and a stepfather; that, at twelve years of age, with his mother's consent, he had been taken into the family of the claimant, whom he afterwards called "mother"; and that later, misfortune overtaking the claimant, he procured work and supported the claimant and himself in a boarding house of the claimant's sister, whom he paid for their board and lodging. Compensation was awarded to the claimant. *Held,* that

(1) The question, whether the claimant was a member of the employee's family at the time of the injury, was a question of fact to be determined by the Industrial Accident Board;

(2) The evidence was sufficient to warrant a finding that under G. L. c. 152, § 1 (3), the claimant was a member of the employee's family at the time he received the injury which resulted in his death;

(3) The fact that the employee had not established a separate place of abode in an apartment or in a detached house, but was compelled by reason of his limited means to support the claimant in a boarding house, did not require a finding that she was not a member of his family.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to Sarah B. Laughton as a member of the family of John Peterson, who, while employed by J. E. Gallagher Company, received an injury which resulted in his death.

In the Superior Court, the case was heard by *Bishop*, J. Material facts are stated in the opinion. By order of the judge, a decree was entered awarding compensation in accordance with the Board's decision. The insurer appealed.

*J. F. Casey*, for the insurer.

*C. J. Redmond*, for the claimant.

CROSBY, J. This is an appeal by the insurer from a decree of the Superior Court entered in accordance with the findings of the Industrial Accident Board. On March 23, 1929, the employee received a fatal injury as the result of being crushed between the floor of an elevator and a wall at the place of his employment. The single member found that his injury arose out of and in the course of his employment. There was ample evidence to support this finding. The question remains as to whether the claimant is a dependent under the statute. G. L. c. 152, § 1 (3).

The deceased left a mother and stepfather, and several brothers and sisters. The claimant was not related to the deceased. About nine years before his death the claimant and her husband, having no children, became interested in him, and with his mother's consent he went to live with them at Old Orchard, Maine, and was cared for and educated by them. He was then about twelve years of age.

The claimant's husband died about five years ago. The board found that in June, 1928, she lost all of her property and was left without any means of support; that at that time the deceased went to work and maintained the house, became the head of it, and was her sole support; that thereafter he obtained work in Boston and came there with the claimant where, up to the time of his death, he supported her and himself in a boarding house kept by her sister. The claimant testified that while they were living in her sister's house the deceased said "that where they were living was not just like home, because they did not have the same privileges there . . . and he said he wanted an apartment, a home of his own; John said that as long as she had taken care of him and given him chances which none of his family had, that he wanted to take care of her as long as she lived, now that her husband was dead. John said he wanted to take care of her as long as she lived." There was testimony from other witnesses to the same effect.

The single member found that the employee was over twenty-one years of age at the time he received the injury which resulted in his death; that he had established himself as the head of the family composed of himself and the claimant. The Industrial Accident Board on review found that during the time the deceased and the claimant were living at the house of the claimant's sister the deceased "did not change his status in any way as head of the household which consisted of himself and 'his mother' so called by him."

G. L. c. 152, § 1 (3) defines dependents as "members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury." We are of opinion that the evidence was sufficient to warrant a finding that the claimant was a member of the employee's family at the time he received the injury which resulted in his death. In *Nelson's Case*, 217 Mass. 467, a wife sought to recover compensation on the ground that she was conclusively presumed to be dependent upon her deceased husband under St. 1911, c. 751, Part II, § 7 (a), now G. L. c. 152, § 32 (a). It appeared that by mutual agreement the parties were not

living together at the time of the death of the employee. By reason of that fact it was held that the question of dependency in whole or in part was to be determined in accordance with the fact as it might be at the time of the injury. In that case it was said at page 469 that "The matrimonial abode may be a roof of their own, a hired tenement, a boarding house, a rented room or even a room in the house of a relative or friend, however humble or temporary it may be." The question, whether the claimant in the case at bar was a member of the employee's family at the time of the injury was a question of fact to be determined by the board. The circumstance that they lived in a boarding house did not require a finding that the claimant was not a member of the employee's family. It was their common home. He furnished out of his wages weekly the entire amount needed for their support and maintenance. The amounts so furnished, which were paid to her sister, were not received by the claimant as a gratuity but in recognition of a moral, even if not a legal obligation to support her in view of her poverty and her care of him during the years he lived with her and before he was of sufficient age to earn his own living. The fact that the employee had not established a separate place of abode in an apartment or in a detached house, but was compelled by reason of his limited means to support her in a boarding house, did not require a finding that she was not a member of his family. *Kenney's Case*, 222 Mass. 401, and cases cited. *McMahon's Case*, 229 Mass. 48. *Derinza's Case*, 229 Mass. 435. *Freeman's Case*, 233 Mass. 287. *Gritta's Case*, 236 Mass. 204. The case at bar is distinguishable in its facts from *Cowden's Case*, 225 Mass. 66, and *Mahoney's Case*, 228 Mass. 555.

Upon the reported evidence it cannot be said that the board erred in finding that the claimant was a member of the decedent's family at the time of the injury. *Kenney's Case, supra. Newman's Case*, 222 Mass. 563, 568. *Stafford's Case*, 238 Mass. 93, 94. See *Gleason's Case*, 269 Mass. 583.

*Decree affirmed.*