### TERRENCE MOORE's (dependents') CASE.

Suffolk.    January 6, 1936. — June 29, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act,* Dependency.    *Words,* "Family."

A finding by the Industrial Accident Board that seven legitimate chil-
dren of a woman, not the employee's wife, with whom he had co-
habited for many years before an injury resulting in his death, were
wholly dependent upon him for support and were dependents of his
within G. L. (Ter. Ed.) c. 152, § 1 (3), was not warranted where it
appeared that the woman's husband was living; and, although long
before the employee's injury the husband had ceased to live with her
and the children and had abandoned his duty of support and that
most of the money used by the woman for the household was derived
from the employee's earnings, it did not appear that the husband was
not legally bound to support the children; such children were not next
of kin of the employee, and his voluntary assumption of an obligation
to support them was not on a ground favored by law and therefore
was not an element warranting a finding that they were "members
of" his "family" within said statute.

CERTIFICATION to the Superior Court under the provi-
sions of the workmen's compensation act of a decision by the
Industrial Accident Board awarding compensation.

In the Superior Court, by order of *Sisk,* J., a final decree
was entered in accordance with the decision of the board.
The insurer appealed.

*G. Gleason,* (*W. G. Reed* with him,) for the insurer.

*W. H. Finnegan,* for the claimants.

FIELD, J.    This is a workmen's compensation case.
G. L. (Ter. Ed.) c. 152.  In the Superior Court a decree was
entered that the claimants, minors under sixteen years of

age, were members of the deceased employee's family at the time of his injury and death, were totally dependent upon him for support and were entitled to dependency compensation. The decree also ordered the insurer to pay an amount not exceeding $150 for funeral expenses of the deceased employee. From this decree the insurer appealed.

It is for us to determine whether the decree appealed from was required as matter of law by facts found by the Industrial Accident Board warranted by the evidence. *Rozek's Case, ante,* 205. The only questions argued are whether the claimants were "dependents of the employee" at the time of his injury (§ 31) and, if they were, the extent of their dependency.

The single member found that the deceased employee "was cohabiting with Mrs. Mary Lacey and was living with her and her children hereinafter named and was head of the household and family from early in 1923 to the time of his said injury [July 20, 1932] and that Catherine Lacey, Jacqueline Lacey, Russell T. Lacey, June P. Lacey, Elizabeth Lacey, Deamie T. Lacey, and Shirley Ann Lacey (posthumous), known as Catherine Moore, Jacqueline Moore, Russell T. Moore, June Moore, Elizabeth Moore, Deamie T. Moore, and Shirley Ann Moore (posthumous) [the claimants], minors under sixteen years of age, were members of his said family at the time of said injury, and wholly dependent for support upon the deceased." He stated that he was "not passing on their legitimacy." The reviewing board affirmed and adopted the findings of the single member and found further "that William Lacey, the husband of Mary Lacey, had, long prior to the injury and death of the employee in this case, abandoned his position and his duty of support as the head of his family of which one, at least, namely, Flora Lacey, was a member. The employee, Moore, was the head of the family of which the claimants were members for a long period of years prior to his injury and they were wholly dependent upon his earnings for support at the time of his injury and death. If the husband, William Lacey, was in or about the home at any time during this period of years it was solely for the purpose

of visiting or communicating with his daughter, Flora, and the reviewing board so find."

The facts found by the Industrial Accident Board, warranted by the evidence, as matter of law do not show that the claimants were the employee's "dependents."

The burden of proving dependency was on the claimants. *Ferriter's Case*, 269 Mass. 267. The word "dependents" is defined by the workmen's compensation law as "members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury." G. L. (Ter. Ed.) c. 152, § 1 (3). There is no finding that the claimants were the employee's "next of kin" at the time of his injury. The award of compensation to them must be sustained, if at all, on the ground that they were at that time "members of the employee's family," as the board, in substance, found. It has been said that "'Family' in its usual sense means 'the collective body of persons who live in one house and under one head or management.' . . . That is the significance ordinarily attributed to the word under the act." *Cowden's Case*, 225 Mass. 66, 67. *Gritta's Case*, 236 Mass. 204, 206. Kinship or marriage between such persons is not essential to the existence of a family. *Peterson's Case*, 270 Mass. 309. But in some circumstances where there is such a relationship between persons not living in the same household they may be members of a family. *Newman's Case*, 222 Mass. 563, 568.

The findings, variously expressed, that the claimants were members of a family of which the employee was a head, are not supported by the evidence considered in connection with the subsidiary findings. (According to the evidence the oldest of the claimants was born in June, 1923, and the youngest on January 10, 1933 — after the death of the employee. In the consideration of the case we refer to the children born before his death as the claimants since the rights of the insurer are not affected by the number of the claimants. § 31. *Janes's Case*, 217 Mass. 192, 194.) The evidence clearly warranted a finding that Mrs. Lacey and the claimants, her children, lived together in one house and

were members of a family. *Mahoney's Case*, 228 Mass. 555, 556. And there is evidence and an implied finding that a child of Mr. and Mrs. Lacey, Flora, lived in the household. Moreover, the finding that the employee was "cohabiting" with Mrs. Lacey and was living with her and the claimants from early in 1923 until the time of the injury was warranted.

What was the relation of the employee to the family of which Mrs. Lacey and the claimants were members is the point to be decided. The employee could not have been found to have been the head or even a member of this family on the basis of kinship or marriage. He was not the husband of Mrs. Lacey. And it must be taken on this record that the claimants were the legitimate children of Mr. and Mrs. Lacey and not the illegitimate children of the employee. See, moreover, *Taylor* v. *Whittier*, 240 Mass. 514; *Commonwealth* v. *Circo*, 293 Mass. 361. The employee, therefore, was under no legal duty to support the claimants by reason of any relationship to them, legitimate or illegitimate. See G. L. (Ter. Ed.) c. 273, § 15. It has been recognized, however, that, even if there is no legal obligation on an employee to support persons, the voluntary assumption by him, on a ground favored by the law, of an obligation to support them is an element to be considered in determining whether such persons are members of his family. See *Coakley's Case*, 216 Mass. 71, 74; *Kenney's Case*, 222 Mass. 401, 404; *O'Flynn's Case*, 232 Mass. 582, 584; *Gritta's Case*, 236 Mass. 204, 206; *Peterson's Case*, 270 Mass. 309, 312. But it cannot be said that the assumption by an employee of the support of children, not his own, of a woman with whom he lives in illicit relations, tending to facilitate such relations, is based on a ground favored by the law. *Gritta's Case*, 236 Mass. 204, is distinguishable. The decision in that case rested in part on the moral obligation — without reference to the legal obligation — of the employee to support his own illegitimate children. The continuance of illicit relations between that employee and the mother of those children did not preclude a finding that such children were members of the family of the employee, their natural parent.

Moreover, William Lacey was both the nominal and

legal head of the family of which his wife and minor children were members (see *Thibeault* v. *Poole*, 283 Mass. 480, 484), except as he lost that position by reason of the facts shown by the evidence. There was evidence that he did not live in the same household. But this fact alone would not deprive him of his position as head of the family. See *Newman's Case*, 222 Mass. 563, 568. And, whatever was the effect of the misconduct of Mrs. Lacey on the duty of her husband to support her, for aught that appears he was legally bound to support the claimants though they were living apart from him. *Creeley* v. *Creeley*, 258 Mass. 460, 463. *Thurman's Case*, 259 Mass. 222, 226. He could not, as matter of law, abandon his duty to support them. If the finding of the board that he "abandoned his position and his duty of support as the head of his family" means more than that he failed to live with them in one house, under one head or management, and to support them, it is not warranted by the evidence. And there is no evidence that he failed to support the daughter, Flora, who lived in the household.

It is not necessary to decide whether in such circumstances it would be legally possible for the children to be members of the family of the employee, but, at least, the evidence in this case did not warrant a finding to that effect. There is some evidence that the relations of the employee and the claimants toward each other resembled those of a father and children. And it appears that the employee spent some time and undisclosed amounts of money in entertaining the claimants. Furthermore, there is evidence that he turned over much the larger part of his earnings to Mrs. Lacey, that the money so turned over to her was her only income, other than money received from her husband for Flora's board, and that she used the money received from the employee for household expenses, including rent and food and clothing for the claimants. But there is no evidence warranting a finding that the employee managed the affairs of the household. The evidence in the case, considered in its aspect most favorable to the claimants, does not go further than to show that the employee was a

boarder in the household paying the mother of the claimants by his earnings for his board and for his illicit relations with her, and that the claimants were supported by their mother with money so obtained by her. The evidence does not show that the household in which the employee lived was his family — a family of which he was the head — rather than the family of William or Mary Lacey. *Mahoney's Case,* 228 Mass. 555, 556. See also *Murphy's Case,* 224 Mass. 592; *Cowden's Case,* 225 Mass. 66, 67; *Stafford's Case,* 238 Mass. 93, 94–95; *Musgrave's Case,* 281 Mass. 416, 420.

It follows that the decree must be reversed and a decree entered dismissing the claim for dependency compensation, but ordering payment of burial expenses by the insurer in accordance with the decision of the board.

*So ordered.*