OPINION
By HORNBECK, J.
The plaintiffs claim the right to share in a death benefit award by reason of being dependents of Harvey George Hertz, who was killed in the course of his employment with the Cook Coffee Company, the employer, who was a contributor to the Workmen’s Compensation Fund.
The cause was heard to a Common Pleas Judge, a jury having-been waived, and judgment entered in behalf of the plaintiff.
There is but one error assigned, namely, the action of the Court in entering the 'judgment in behalf of the plaintiff.
The judgment entry sets forth sufficient findings of the Court to exemplify the legal question presented for determination. We state so much of the judgment entry as demonstrates the legal propositions presented.
The Court finds that the plaintiffs are minors under the age of fourteen years, born out of wedlock; that Harvey George Hertz was the father of said children, and that said decedent was living with Clara Chance, the mother of said children, at the time said children were born, and that they represented themselves as man and wife and continued to live representing themselves as man and wife until the time of the death of the decedent; that at all times mentioned herein the decedent was legally married to one Julia Hertz; that during his lifetime decedent acknowledged the two children as his own and from the time he and the said Clara Chance began to live together, he supported Clara Chance and the children; that at the time of the death of said Harvey George Hertz the plaintiffs were, in fact, dependent upon the said Harvey George Hertz for support.
We have had the benefit of the written opinion of Judge Leach who tried the case in Common Pleas Court, and find that he has given careful consideration to the respective claims of the parties, *54 has reviewed most of the pertinent decisions and prepared a very-complete opinion.
The claim of plaintiffs is that, upon the facts appearing the plaintiffs were the children of decedent, living with him at the time of his death; that he was legally liable for their maintenance at the time of his death, and further that as members of the family of the deceased employee they were his dependents, the first claim being-made in part upon the presumption appearing in §1465-82, 4. (B) GC; the second, claim based upon the latter part of (B), same section and paragraph number.
Sec. 1465-82. 4. (B) GC provides:
“The following persons shall be presumed to be wholly dependent for the support upon a deceased employee; a child or children under the age of sixteen years * * * upon the parent with whom he is 'living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death.”
Paragraph 4. (B) of the section, in so far as pertinent, reads:
“In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless a member of the family of the deceased employee, or bears to him the relation of husband, or widow, lineal descendant, ancestor or brother or sister. * * * The aggregate of compensation paid to a decedent prior to his death and of all benefits to such decedent’s dependents after his death shall not exceed $6500.00, and the Commission shall have final discretion to award death benefits solely to those who are wholly dependent or to apportion such benefits among wholly dependent persons and other dependent persons as the Commission may deem equitable in the circumstances of each particular case.”
If the plaintiffs were restricted in their right to recover to the language of paragraph 4 (B) §1465-82 GC, we would have a nice question and one which would require extended citation and comment. The trial judge discussed paragraph 4 (B) of the section at length and considered and distinguished the case of Staker, Gdn., v Industrial Commission, 127 Oh. St 13, and reached the conclusion that application of the second proposition of the syllabus to the whole of the section was not essential to a determination of the question presented and, therefore, was not binding as stare decisis in the instant case. It may readily be conceded that the first syllabus of the Staker case may have been determined without the application of the proposition announced in the second syllabus. It is likewise true, that the proposition in the. second syllabus, namely, that,
“The word ‘child’, used in that section (1465-82 GC), * * * applies to legitimate children and to children legally adopted prior to the employee’s injury,”
affords ample support for the first, syllabus, namely, that,
“An illegitimate, posthumous child, unacknowledged by the putative father is not a dependent, child within the purview of §1465-82 GC.”
It was necessary only, upon the question presented to the Court. *55 that it determine whether or not the word “child” as used in the last paragraph of §1465-82, 4 (B) GC applies to an illegitimate child. Inasmuch as the Court prepares and is responsible for the syllabus, it is inferable that the judgment was reached by the application of the law set forth in both propositions of the syllabus. It might be said that prospectively the law as announced in this case is in nubibus, inasmuch as the Supreme Court, as now constituted, has but one member who concurred in the majority opinion and one member who noted a dissent. However, until that Court has by its own formal action reversed the Staker case we are bound to follow it.
We are content to give no further consideration to the Staker •case, inasmuch as we are satisfied that the judgment under consideration may be affirmed upon the application of the terms of §1465-82, 4 (B) GC and §1465-68 GC. The latter section provides:
“Every employee mentioned in §1465-61 GC who is injured, and the dependents of such as are killed in the course of employment, * * * shall be paid such compensation out of the State Insurance Fund, for * * * loss sustained on account of such injury or death * * *.”
The basic and dominant purpose of the distribution of this State Insurance Fund as affects employees who suffer death in the course of their employment is that it shall be made to their dependents.
Sec. 1465-82 GC, paragraph 4 (A) treats exclusively of presumptions to be indulged in determining what persons shall be found to be wholly dependent for support upon the deceased employee. The first part of paragraph 4 (B) likewise relates to presumptions only. The next to the last clause of paragraph 4 (B) places the proof of dependency upon factual development independent of presumptions with which the paragraph in its earlier parts has treated. This latter language is as follows:
“In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless a member of the family of the deceased employee, or bears to him the relation of husband or widow, lineal descendant, ancestor or brother or sister.” (Emphasis ours.)
If plaintiffs may be considered as members of the family of the deceased employee as contemplated in the section, at the time of the injury, resulting in the death of such employee, and it further appears that they were dependents, they are entitled to share in the benefits of the Workmen’s Compensation Fund. These plaintiffs under the undisputed facts found by the trial court were members of the family of the deceased employee and were solely dependent upon him. There is nothing in the section to indicate that the term “family” is used in such a restricted sense as to prevent the holding that one’s own children comprising his household may not constitute his family, and to so construe it would be counter to the humanitarian purpose of the Workmen’s Compensation Act and the rule of liberal construction required by the act itself and by judicial pronouncement.
We have quoted from the section as in effect on November 7, 1935, the date of the death of Harvey George Hertz, the language of *56 which is controlling as to the rights of the parties in the instant cause. 114 O. L. 37. In 117 O. L. of date March 29, 1937, (C) and (D) were carried into §1465-82 G C. (Dl, in part, is helpful in the construction of the term “member of the family” as controlling here and found in the next to the last clause of (B), paragraph 4. (D) treats of prospective dependency on the part of the claimant and potential support on the part of the decedent and provides further that:
“No person shall be considered a prospective dependent unless a member of the family of the deceased employee and bears to him the relation of husband, or widow, lineal descendant, ancestor or brother or sister.”
Thus, a prospective dependent, if a member of the family of the deceased employee, must also bear the relation to him of husband, widow, lineal descendant, ancestor or brother or sister, whereas in (B) the relationship may be in the alternative, that is to say, either a member of the family of the deceased employee or bear to him the relation of lineal descendant, etc. The change in the newly enacted portion of the statute is significant and lends support to the construction which we have given the controlling language of 4 (B) of the section in this case.
In an action upon an implied contract for work and labor it is a general rule that one may not recover where a family relationship exists between the person furnishing and those receiving the services. But it has been uniformly held that a person may be a member of the family within that rule, although he is a stranger or not a blood relative of the one for whom the services were performed. 42 O. Jur. 493; Brown v Farr, 19 O. C. C. (N. S.) 578; Baker v Kimball, 26 Oh Ap 145; Anderson v Houpt, 43 Oh Ap. 538.
The Court in the Staker case-considers and refers to Roberts v Whaley, 192 Mich. 133; Utah Fuel Company v Industrial Commission,. 64 Utah, 328; and Gritta’s case, 236 Mass. 204. In the first case, the Court held that the illegitimate-children of the deceased were members of his family and being-dependent upon him at the time of; his decease were brought clearly within the statute and entitled to share in the fund. The judge in delivering the opinion made the pertinent observation that,
“It is said that they are illegitimate children, and that the law will not encourage the immoral and unlawful relation of the parents by recognizing them. The children are in nowise responsible for their existence or status. They are here and must be cared for and supported. They were cared for and supported by the deceased up to the-time of his death. It was his legal andc moral duty to support them and he was responding to that, duty when death overtook- him.”
In that connection, it is our observation that the decedent in the instant case not only was under a moral duty, which he was observing, to support the plaintiffs, but that he was under legal obligation to do so by virtue of §§1655 and 13008 GC, both of which sections make-it a penal offense for the father of an illegitimate child, if able to do so, to fail to support or contribute to the support of such child.
In Utah Fuel Company v Industrial Commission, supra, the language of the statute under consideration is identical with that part of §1465-82, 4 (B) GC which we have quoted and it was there held that a boy, who for six years, *57 while his mother was living in adultery with deceased, lived with them in deceased’s household, was a member of his family, within compensation law. The opinion states that,
“The family relationship is a social status and not one necessarily founded upon contract; also that the individuals may be members of the same family without sustaining to each other any blood relationship.”
In the statute there under consideration and in our statute, it is obvious that had not the term “a member of the family of the deceased employee” implied more than was connoted by a child under the age of 16 years with whom the deceased parent was living at the time of his death or for whose maintenance he was legally liable at said time, there would have been no necessity for the carrying of such provision into the section.
In Gritta’s case, supra, the Supreme Court of Massachusetts held that illegitimate children of deceased employee living with him and his mistress, who had a living-husband undivorced, in one family and in fact dependent upon the employee, were entitled to compensa,tion under the Workmen’s Compensation Act of the State of Massachusetts. The section of the Act under consideration provided:
“Dependents mean members of employee’s family, or next of kin who are wholly or partly dependent upon the earnings of the employee for support at the time of the injury.”
In Roberts v Whaley, and Utah Fuel Company v Industrial Commission, supra, it does not appear that the children who are held to be members of the family were legally dependent upon any person other than the deceased employees.
In Gritta’s case, supra, it appeared that the-father of the children was living, although, the children were cared for by the deceased employee in his lifetime and were found to be members of his family. This decision is in conflict with Welsh v Industrial Commission, 136 Oh St. 387, wherein the Court in the 4th syllabus held that,
“The assumption by an employee of the support of a child not his own but of a married woman with whom he lives in illicit relation does not serve to make such child his dependent so as to entitle such child to the benefits of the Workmen’s Compensation Law.”
In the instant case the plaintiffs clearly were the children of the deceased employe, whereas in the Welsh case the child for whom the claim was made was not the son of the deceased employee, but of the woman with whom he lived in illicit relation and the legal obligation of support was upon the father. In this case, the deceased employee was primarily liable at law for the support of his children.
It is interesting to note the attitude of the members of the Court upon the 4th proposition of the' syllabus in Welsh v The Commission as to which three judges dissented, two of whom are yet upon the Court. Especially is this true, inasmuch as the Chief Justice had dissented from the judgment in the Staker case.
It is certain that neither the Staker case nor the Welsh case presented facts as favorable to the claimant as are found here. In the Staker case the child was born posthumously and, therefore, it could not have been said that the son was living with him, the parent, at the time of his death, nor,. *58 could there have been any liability for the support of the child under §1655 GC or §13008 GC because the obligation enjoined upon a father by these sections obviously fails upon his death.
We are satisfied that plaintiffs were members of the family of the deceased employee at the time of the injury which resulted in his death and were clearly dependent upon the deceased at said time and were, therefore, entitled to participate in the Workmen’s Compensation Fund. The judgment will be affirmed.
GEIGER, PJ., & BARNES, J., concur.