BAYLIS v. BAYLIS.

(Supreme Court, Appellate Division, Second Department.　October 27, 1911.)

1. MARRIAGE (§ 64*)—RIGHT TO ISSUE—KNOWLEDGE OF FORMER MARRIAGE.

    Code Civ. Proc. § 1745, provides that where it appears in an action
to annul a marriage upon the ground that the former husband or wife
of a party was living, and the judgment determines that the subsequent
marriage was contracted by one of the parties in good faith, and with
full belief that the former husband or wife was dead, or without any
knowledge by the innocent party of such former marriage, the issue of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the second marriage are deemed the legitimate children of the innocent party, and he must be awarded their custody. Plaintiff knew defendant when she was a married woman in New York, from where she afterwards removed to Connecticut, and, before they were married, defendant told plaintiff that she obtained an absolute divorce in Connecticut, and he married her without further investigation. *Held*, that plaintiff's acceptance of defendant's statement as to the latter's divorce, without investigating its validity in the records of the Connecticut courts, did not show good faith and lack of knowledge of the continued existence of the former marriage, even if full belief that a divorce was granted was sufficient under the statute.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 136; Dec. Dig. § 64.*]

2. MARRIAGE (§ 64*)—ANNULMENT—EXISTENCE OF FORMER MARRIAGE—CUSTODY OF CHILDREN.

Code Civ. Proc. § 1745, provides that where it appears in an action to annul a marriage upon the ground that the former husband or wife of a party was living, and the judgment determines that the subsequent marriage was contracted by one of the parties in good faith, and with full belief that the former husband or wife was dead, or without any knowledge by the innocent party of such former marriage, the issue of the subsequent marriage are deemed the legitimate children of the innocent party, and he must be awarded their custody. *Held*, that the statute only applied in case of ignorance of the former marriage or belief in its cessation by death, and not in case of belief of its dissolution by divorce, so that mere belief that a wife's former marriage was dissolved by divorce would not entitle the husband to custody of the children, etc., upon annulment.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 136; Dec. Dig. § 64.*]

Carr and Woodward, JJ., dissenting.

Appeal from Special Term, Nassau County.

Action by Daniel H. Baylis against Emma L. Baylis to annul a marriage. From a part of a judgment denying plaintiff the custody of the issue and decreeing it incapable of succession, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Charles Coleman Miller, for appellant.
Rowland Miles, for respondent.

THOMAS, J. The plaintiff married the defendant, relying solely upon her statement that she had obtained in Connecticut an absolute divorce from her husband, one Bath. The plaintiff appeals from so much of the judgment herein declaring the second marriage void as denies him the custody of the issue of the same, and decrees its incapacity to succeed to his property. His contention is that he married in good faith, believing justifiably that the former marriage had been duly dissolved, and relying defensibly upon defendant's advice to that effect. Hence he invokes for himself and the child the protection of section 1745 of the Code of Civil Procedure. That section so avails him only in case of his marriage in good faith, and "without any knowledge" on his part "of such former marriage," or with full belief that the absent party to it is dead in case he had knowledge of the

marriage. The appellant would interpret the language as meaning that full belief in the death or divorce of the absent party is an alternative in case of knowledge of the marriage, and cites in support Earle v. Earle, 141 App. Div. 611, 126 N. Y. Supp. 317. The finding is that marriage was contracted by plaintiff in good faith, but there is refusal to find that it was without any knowledge that the former marriage was in force. A person whom he had known as a married woman living in the state of New York, and removing later to the state of Connecticut, said to him that she had obtained an absolute divorce in the latter state. He, knowing and seeking to know nothing more in regard to the divorce, married her. The decree of alleged divorce was an easily accessible record of a court in an adjoining state. He knew, or if he did not know his ignorance does not excuse him, that such foreign judgment was invalid here in absence of jurisdiction to render it there, and he accepted the woman's statement as establishing such jurisdiction and consequent validity of the decree.

[1] His reliance upon the mere saying of the woman indicates credulity, which does not prove the good faith and lack of knowledge demanded by the statute. He had knowledge of the marriage. Hence he was not within the statute. But he asserts that her words dissipated his knowledge so that what he knew no longer existed. But I consider that he was not priviledged to permit what he knew so well to be extinguished by a prodigal confidence in the party to the divorce. There was the decree revealing the truth. He shunned the ascertainment and all attempt to verify what she had said to him.

[2] Moreover, the statute means what it says, and it does not say what plaintiff would have it say. The section relates to an action to annul a marriage upon the ground of a former marriage in force. The intention is to protect the party competent to contract in the enjoyment of the issue of the marriage, and to give it in their relation to him the status of legitimacy. But such result can follow from good faith in contracting a marriage made with full belief that the husband or wife is dead, or without any knowledge that there was such former marriage. Ignorance of the marriage or belief in its cessation by death, not dissolution by divorce, is the condition; in other words, full belief in the dissolution of a known marriage is made by appellant an additional protective feature of the section. But the statute speaks of a definite thing, to wit, the annulment of a marriage by reason of a former marriage in force. In the case at bar there was a former marriage in force. It is of such former marriage that the innocent party must not have "any knowledge." The statute also provides that he may regard the marriage not in force, although it be in force, in the single case that he fully believes that the party to it is dead, although not dead. And plaintiff would add to this paraphrase, "or divorced, although not divorced." The Legislature itself could exercise no more power to make obvious amendment. Belief that a party is dead and belief that he is divorced are two quite separate mental conditions accruing in very distinct ways. Knowledge and belief in the death of a person arise from personal knowledge, or more often from report, or from such long continuing absence of report or knowl-

edge of him that it is a just inference that his death has removed him from sources of information. The belief in that case should be founded on a sincere and ample inquiry. But in the case of divorce there is narrowed opportunity for erroneous belief. The law instructs the inquirer, and evidence reposes in a judgment filed in a public office, presumptively showing what jurisdiction the court had to render it. A person cannot say that he had "full belief" that a divorce existed if public records otherwise teach him. Hence the Legislature might with sound policy compel a party to learn the truth respecting a divorce, and excuse him in a justified belief of death. In any case, that is what the statute enacts, and this court is not permitted to add to it what is not within its spirit or words.

The judgment should be affirmed, with costs.

JENKS, P. J., and RICH, J., concur. CARR and WOODWARD, JJ., dissent.