DANIEL H. BAYLIS, Appellant, v. EMMA L. BAYLIS, Respondent.

Husband and wife.— annulment of marriage — when innocent party not entitled to custody of child — legitimacy of child.

Where a marriage has been annulled upon the ground that the woman had a husband by a former marriage living at the time of her second marriage, the innocent party to the annulled marriage is not entitled, under section 1745 of the Code of Civil Procedure, to the custody of a child born of such marriage, nor is the child legitimate and entitled to succeed to the real and personal estate of such innocent party, unless it appear that the annulled marriage was contracted by the innocent party in good faith, either believing that the former husband was dead, or having no knowledge of the former marriage. Marriage in good faith and in the full belief that the former marriage had been dissolved by a valid decree of divorce is not sufficient to bring the case within the statute.

*Baylis* v. *Baylis*,. 146 App. Div. 517, affirmed.

(Argued January 22, 1913; decided February 25, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 2, 1911, which affirmed a judgment of Special Term annulling the marriage of plaintiff and defendant, but denying plaintiff any custody or control over a child born of the marriage.

The facts, so far as material, are stated in the opinion.

*Charles Coleman Miller* for appellant. The child of the parties hereto is the legitimate child of the plaintiff, who should be awarded her custody and be entitled to appoint by will a guardian of her person. (Code Civ. Pro. § 1745; *Earle* v. *Earle*, 141 App. Div. 611.)

*Rowland Miles* for respondent. The plaintiff does not fall within the Code provision, which would make the child his legitimate heir and entitle him to its possession. (Code Civ. Pro. § 1745.)

MILLER, J. This appeal involves the custody and legitimacy of a child of a marriage adjudged to be void for the reason that the defendant had a husband living at the time it was contracted. She had obtained a decree of divorce from her former husband in the state of Connecticut without his appearance in the suit and without personal service of the summons upon him within that state. The matrimonial domicile was in this state, wherefore the decree was void. (*Haddock* v. *Haddock*, 201 U. S. 562.)

The trial court found in this case that prior to his marriage to the defendant, the plaintiff was informed of the former marriage and of the Connecticut decree of divorce, that he relied upon said decree being valid without any knowledge of the proceedings in the state of Connecticut, and without any inquiry as to the jurisdictional facts, that he knew that the defendant's former husband was living and that he contracted the marriage in good faith. The court refused to find that the marriage between the plaintiff and the defendant was contracted without any knowledge on the part of the plaintiff of the fact that the defendant's former marriage was then in force.

Upon those findings it was adjudged that the plaintiff was not entitled to the custody of the child and that she was not entitled to succeed to his real or personal estate.

The appellant relies upon section 1745 of the Code of Civil Procedure, which provides that " An action to annul a marriage, upon the ground that the former husband or wife of one of the parties was living, the former marriage being in force, may be maintained by either of the parties during the lifetime of the other, or by the former husband or wife. Where it appears, and the judgment determines, that the subsequent marriage was contracted by at least one of the parties thereto in good faith, and with the full belief that the former husband or wife was dead, *or without any knowledge on the part of the innocent party of such former marriage,* the issue of the subsequent marriage, born or begotten before the final judgment, are deemed for all purposes the legitimate children of the parent who at the time of the marriage was competent to contract, and are entitled to succeed as such, in the same manner as other legitimate children, to the real and personal estate of said parent; and the issue so entitled must be specified in the judgment, and the innocent party must be awarded their custody, and he or she is entitled to appoint a guardian of their persons by will." (Italics mine.)

So far it has been held that this case is not within the statute, two justices of the Appellate Division dissenting on the authority of *Earle* v. *Earle* (141 App. Div. 611), in which the Appellate Division in the first department held that a case like this was within the spirit, if not within the letter, of the statute. We have been unable to reach that conclusion and, therefore, do not consider whether the findings are sufficient to bring the case within the statute, even in that view of it.

The statute in plain terms provides for two cases, viz.: 1, where the subsequent marriage was contracted by at least one of the parties in good faith, and with the full belief that the former husband or wife was dead; 2, where it was contracted by at least one of the parties in good faith and without any knowledge of the former mar-

riage. The question is whether we can, by construction, include a third case, *i. e.*, one where the subsequent marriage was contracted by at least one of the parties in good faith and in the full belief that the former marriage had been annulled or dissolved. The solution of that question turns on whether the plaintiff can be said to have been without any knowledge of the former marriage when he was informed of it but erroneously supposed it had been dissolved. The bare statement of the proposition answers the question. The section as originally enacted only applied to the first case above stated, *i. e.*, one where the innocent party acted in the full belief that the former spouse of the other was dead. The words in italics were added by chapter 401 of the Laws of 1882, and thus the want of *any knowledge* of the former marriage was treated the same as belief that the former spouse was dead. Belief that a marriage has been dissolved by a valid decree of divorce is very different from belief in the death of one of the spouses, and is certainly not the same as having no knowledge at all of the marriage. We cannot insert after the words "with the full belief that the former husband or wife was dead," the words "or that the former marriage had been annulled or dissolved," and we cannot say from the language used that the legislature intended to include the case of a marriage contracted in reliance upon a void decree of divorce.

However much we would like to adjudge that the child of this marriage is legitimate, our power is limited to determining what the law is and applying it to the facts of this case. *Haddock* v. *Haddock* (*supra*) was decided by the United States Supreme Court in 1906. Doubtless many void marriages had been contracted in good faith and in reliance upon a view of the law entertained by many, but which was held to be erroneous in that case. The question of providing for the legitimacy of children born of such marriages is one which addresses itself to

the legislature, and this opinion has been written solely for the purpose of calling attention to the subject.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, COLLIN and CUDDEBACK, JJ., concur.

Judgment affirmed.