Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of HATTIE E. BELL, Widow, for Compensation to Herself under the Workmen's Compensation Law for the Death of Her Husband, JOSEPH K. BELL, *v.* TERRY & TENCH COMPANY, Employer, and the TRAVELERS INSURANCE COMPANY, Insurance Carrier.

Third Department, March 7, 1917.

Workmen's Compensation Law — right of illegitimate children to benefits of statute — statutes — rules of construction.

Illegitimate children of a deceased employee are not entitled to the benefits provided by the Workmen's Compensation Law for dependent children, even though the mother married the decedent without knowledge of his having a wife living and undivorced.

The word "child" or "children" when used in a statute, will or deed, means, *prima facie*, legitimate child or children.

Words having a precise and well-settled meaning in the jurisprudence of a country have the same sense in its statutes unless a different meaning is plainly intended.

Unlawful or illegitimate children are not favored in the law; they have only such property rights as are expressly granted by statute.

Subdivision 11 of section 3 of the Workmen's Compensation Law, declaring that "'child' shall include a posthumous child and a child legally adopted prior to the injury of the employee," must be understood to have excluded illegitimate children.

LYON, J., dissented in part.

CERTIFICATION by the State Industrial Commission of a question to the Appellate Division, Third Department, pursuant to section 23 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622).

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the State Industrial Commission.

*Emmett D. Page,* for the claimant.

*Amos H. Stephens* [*E. Clyde Sherwood, William B. Davis* and *Robert B. Cumming* of counsel], for the employer and insurance carrier.

Woodward, J.:

The State Industrial Commission submits to this court the question: " Are Albert Bell, son, Dorothy Bell and Marie Bell, daughters of Joseph K. Bell, deceased, dependent children of the said Joseph K. Bell, within the meaning of the Workmen's Compensation Law and entitled to the death benefits provided for by said law for dependent children ?"

There is no question here that Joseph K. Bell was killed on August 13, 1914, under circumstances entitling his widow and children under the age of eighteen years to death benefits under the provisions of the statute. But it is established that the persons mentioned as the son and daughters of said Joseph K. Bell are illegitimate children, the mother, Delia V. Bell, having entered into a ceremonial marriage with said Bell at a time when Bell had a wife still living and undivorced. The real widow has been awarded compensation after a revocation of a previous award to the bigamous wife, and an application in behalf of these illegitimate children having been made, the State Industrial Commission asks the judgment of this court upon the question of whether these children are in law entitled to the compensation fixed.

It is a rule of construction that, *prima facie,* the word " child " or " children," when used in a statute, will or deed means legitimate child or children. In other words, bastards are not within the term " child " or " children." (5 Am. & Eng. Ency. of Law [2d ed.], 1095; *Van Voorhis* v. *Brintnall,* 23 Hun, 260, 263; *Gelston* v. *Shields,* 16 id. 143, 151; *Miller* v. *Miller,* 79 id. 197; *Matter of Miller,* 110 N. Y. 216.) And the rule is well settled that words having precise and well-settled meaning

in the jurisprudence of a country have the same sense in its statutes unless a different meaning is plainly intended. (*Perkins* v. *Smith*, 116 N. Y. 441.) Section 16 of the act provides that "if there be surviving child or children of the deceased under the age of eighteen years" an additional amount shall be provided for such child or children until such child or children arrive at the age of eighteen years, and this without reference to whether the children are dependent upon the father or not. (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 16, as amd. by Laws of 1914, chap. 316.) In other words, the statute presumes that the children of a parent are dependent upon him or her up to the age of eighteen years and provides for them in the Workmen's Compensation Law. While, in a sense, the persons mentioned in the question are children they are not the lawful children of the decedent, and unlawful children are not favored in the law; they have only such rights as are expressly granted by statute in so far as property rights are concerned. Not only has the Legislature not provided for illegitimate children under the Workmen's Compensation Law by specific language, but, by its definition of "child" in subdivision 11 of section 3, it has clearly indicated an intention to use the word only in its legal sense, as modified. It declares that "'child' shall include a posthumous child and a child legally adopted prior to the injury of the employee," and, by expressly fixing these limitations, it must be understood to have excluded any other child or children than such as would be included at common law and under the statutory definition. "'It is the duty of all courts of justice to keep their eye steadily upon the interests of the public, even in the administration of commutative justice; and when they find an action is founded upon a claim injurious to the public and which has a bad tendency to give it no countenance or assistance in *foro civili.*'" (*Veazey* v. *Allen*, 173 N. Y. 359, 368, and authority there cited.)

Whatever may have been held in other jurisdictions, under ever varying language and differing conceptions of public policy, there is no justification for reading into the statute a provision which shall permit illegitimate children to share in the benefits provided for the lawful issue of one suffering

through an industrial accident. If the Legislature wants to assume this responsibility it should do so in plain and unequivocal language; it ought not to be done through strained and unnatural construction on the part of the courts. It is the duty of the court to enforce the provisions of the statute without reading into it affirmative provisions. (*Irvine* v. *New York Edison Co.*, 207 N. Y. 425, 434.)

The suggestion that section 1745 of the Code of Civil Procedure may have something to do with the answering of this question, plausible upon the surface, utterly fails when we come to analyze the language of the section in connection with that of the Workmen's Compensation Law. The language of section 16 of the Workmen's Compensation Law is that "if there be surviving child or children of the deceased under the age of eighteen years" an additional amount is to be paid. This does not say if there are surviving children of the mother but they must be surviving children of the deceased, while section 1745 of the Code of Civil Procedure provides that in an "action to annul a marriage, upon the ground that the former husband or wife of one of the parties was living, the former marriage being in force," and that "it appears, and the judgment determines, that the subsequent marriage was contracted by at least one of the parties thereto in good faith, and with the full belief that the former husband or wife was dead or that the former marriage had been annulled or dissolved, or without any knowledge on the part of the innocent party of such former marriage, the issue of the subsequent marriage, born or begotten before the final judgment, are deemed for all purposes, the legitimate children of the parent, who at the time of the marriage was competent to contract, and are entitled to succeed as such, in the same manner as other legitimate children, to the real and personal estate of said parent; and the issue so entitled must be specified in the judgment, and the innocent party must be awarded their custody, and he or she is entitled to appoint a guardian of their persons by will." It will thus be seen that this case could not come within the provisions of section 1745 of the Code of Civil Procedure, for the employee knew of the marriage which stood in the way of lawful issue, and only the surviving child or children of the deceased

are entitled under the provisions of the Workmen's Compensation Law. If we indulge the presumption, hardly warranted in this case so far as the record discloses, that Delia V. Bell was an innocent party to the bigamous marriage, the Code only legitimatizes the issue as to her and permits the children to inherit from her. It does not make them the legitimate children of the wrong-doing husband; they are "deemed for all purposes, the legitimate children of the parent, who at the time of the marriage was competent to contract," and we are not to read into the statute more than the Legislature has provided. (*Baylis* v. *Baylis*, 146 App. Div. 517; affd., 207 N. Y. 446.)

The interrogatory of the State Industrial Commission should be answered in the negative.

All concurred, except LYON, J., who favored remitting the matter to the Commission to have certified the proofs establishing the alleged illegitimacy of the children.

Questions certified answered in the negative.