In the Matter of the Estate of RICHARD B. CADY, Deceased.

In the Matter of Revocation of Letters of Administration Issued to WILLIAM CADY of the Goods, Chattels and Credits of RICHARD B. CADY, Deceased.

WILLIAM P. CADY, Appellant; ELLA E. OVERTON, Petitioner, Respondent, and CHLOE WAGNER NYE, Intervenor, Respondent.

Third Department, May 10, 1939.

*Elmer L. Thompson* [*William C. Maher* of counsel], for the appellant.

*Robert A. Foley* [*Robert W. Sloan* of counsel], for the petitioner, respondent.

*Champlin & Sloan* [*Robert W. Sloan* of counsel], for the intervenor, respondent.

HILL, P. J. Appeal from a decree of the Cortland County Surrogate's Court which revoked letters of administration earlier issued to an illegitimate son of a deceased sister of the intestate upon the ground that he was not entitled to take or share in the personal property left by intestate and, therefore, was not qualified to act as administrator. (Surr. Ct. Act, § 118.)

It is argued on behalf of appellant that under the new Statute of Distribution (Dec. Est. Law, art. 3, Laws of 1929, chap. 229, and later amendments) he is entitled to share in the estate of a deceased brother of his mother, irrespective of his own illegitimacy. The steps by which his counsel reaches this conclusion follow: (1) That as " all existing modes, rules and canons of descent are * * * abolished " (§ 81, *supra*) by the new statute, all the former common law and statutory disability as to inheritance by illegitimates was terminated. (2) That the inhibition against inheritance by illegitimates, except from the

mother, contained in former section 89 of the Decedent Estate Law, because of the final sentence, " In any other case illegitimate children or relatives shall not inherit," is omitted in the comparable provision in the new act (§ 83, subd. 13), which reads: " If a woman die, leaving illegitimate children, or the legitimate descendants of deceased illegitimate children and no lawful issue, such children or descendants inherit her real and personal property as if such children were legitimate."   (3) That appellant is entitled to take this estate under subdivision 6 of section 83, as he is the sole descendant of his mother, who was the only sister of intestate.   This paragraph provides for *per stirpes* inheritance by brothers and sisters and their descendants; the estate is to " be distributed to such descendants in whatever degree, collectively."

We are unable to agree with the foregoing argument, as the repeal of former " modes, rules and canons of descent " (§ 81) did not change the common-law rule that an illegitimate was nobody's son (*nullius filius*).   The common-law rule was not a Statute of Distribution; rather it established that the illegitimate was not to be regarded the child or descendant of any one.   (*Todd* v. *Weber*, 95 N. Y. 181; *Bell* v. *Terry & Tench Co.*, 177 App. Div. 123; *Matter of Lauer*, 76 Misc. 117.)   Under appellant's argument an illegitimate would be more favored in the distribution of the estates of his collateral relatives than in the distribution of the estate of his mother, for he may only inherit from her in the event there is " no lawful issue " (§ 83, subd. 13), while he would compete, in the event of his mother's death, with lawful issue in the distribution of the estates of his mother's brothers and sisters, as he would be included under the general term " descendant."   So paradoxical a result could not have been intended by the Legislature.   It is a general rule of construction that when the words " child," " children " or " descendants " are used in a statute the meaning is legitimate or lawful children or descendants.   (*Bell* v. *Terry & Tench Co.*, *supra; Matter of Miller*, 110 N. Y. 216.)

None may gainsay the harshness and seeming unfairness of the discrimination against those unfortunate enough to have been born out of wedlock, but, as the inheritance of property is governed by statute the remedy must be obtained from the Legislature. The appellant adverts to the fact that had he died after the death of his mother and had her deceased brother survived the latter would have inherited from appellant.   This is only another example of the unfairness of the statute, but courts have no remedy.

The decree should be affirmed.

McNAMEE, CRAPSER and HEFFERNAN, JJ., concur; BLISS, J., dissents, with an opinion.

BLISS, J. (dissenting). Richard B. Cady died intestate, leaving as his only blood relative William P. Cady, an illegitimate child of a predeceased sister of decedent. The question is whether this nephew is entitled to the estate of decedent and, dependent upon that, whether he is entitled to retain the letters of administration which have been heretofore issued to him by the Surrogate's Court. I agree with our presiding justice that at common law a person born out of wedlock had no rights of inheritance and that appellant's claim to letters of administration and a share in the estate of his uncle must be founded on the statutes or not at all.

Prior to September 1, 1930, section 89 of the Decedent Estate Law provided that if a woman died without lawful issue, leaving an illegitimate child, the inheritance should descend to him as if he were legitimate and that " in any other case illegitimate children *or relatives* shall not inherit." Our canons of descent and distribution were radically changed as of September 1, 1930. (Laws of 1929, chap. 229, as amd. by Laws of 1930, chap. 174, both effective Sept. 1, 1930.) One of the first changes was the insertion of a new section, 81, the first sentence of which provided that all existing modes, rules and canons of descent were thereby abolished. Thus the slate was wiped clean of all the former statutes and court decisions dealing with descent. New section 83 of the Decedent Estate Law then provided (subd. 13) that if a woman die leaving illegitimate children or the legitimate descendants of deceased illegitimate children and no lawful issue, such children or descendants should inherit her real and personal property as if such children were legitimate. This was a partial re-enactment of the former rule contained in old section 89 of the Decedent Estate Law mentioned above, with certain additions as to the legitimate descendants of deceased illegitimate children and also with the notable omission of the former provision that illegitimate relatives should not inherit. The new section 83 contained a further provision (subd. 7) that if the deceased was illegitimate and if the mother of such deceased be dead the relatives of deceased on the part of the mother shall take in the same manner as if the deceased had been legitimate and entitled to letters of administration in the same order. This provision before September 1, 1930, was contained in subdivision 9 of section 98 of the Decedent Estate Law.

Thus, if the majority are correct in their decision here, we have the anomalous situation of the blood uncle of an illegitimate child of his predeceased sister being entitled to inherit from such natural nephew, but the nephew may not inherit from the uncle, even though he be, as in this case, the only living blood relative and the only issue, legitimate or otherwise, of his mother. I do not believe

that the statutes intend such an inhuman result, whereby the one who bears the stain of the bar sinister in all too critical society must have imposed upon him the additional punishment of disinheritance while the relative of the mother may profit by her transgression. This appellant stands in the same position as to his mother as if he were legitimate and that statute itself places him there. It is, therefore, not unreasonable to assume that the Legislature intended that he should inherit from his mother's relatives as if he were legitimate and that is why the legislative mandate against it was removed.

Further support of this interpretation is found in subdivision 6 of the new section 83, which is to the effect that if there be no children and no representatives of a child and no parent the whole estate shall descend and shall be distributed to the next of kin and if all the brothers and sisters of the intestate be living the whole shall descend and be distributed to them and if any of them be living and any be dead, *per stirpes* to the brothers and sisters living and the descendants in whatever degree of those dead. In the every-day sense of the term this appellant is a descendant of his mother. The statute mentions him as a child of his mother and makes him her sole distributee. He is, therefore, entitled under the statutes themselves to this estate which his mother would have taken had she been living.

A case involving only the construction of various statutory provisions must usually stand upon its own bottom, for rarely are statutes of various jurisdictions the same. But here we have a precedent in the case of *Barron* v. *Zimmerman* (117 Md. 296; 83 A. 258). The circumstances were the same and the statutes strikingly similar. Maryland had a statute which made the illegitimate child or children of any female and the issue of any such illegitimate child or children capable of taking real or personal estate from their mother in like manner as if born in lawful wedlock, just as our statutes make this appellant capable of inheriting his mother's real and personal property as if legitimate. Next there was a statute in Maryland that where an illegitimate child dies leaving no descendants or brothers or sisters or their descendants, then the mother, if living, should inherit, and if the mother be dead that in that case the heirs at law of the mother should inherit the real and personal estate of such illegitimate child in like manner as if such illegitimate child had been born in lawful wedlock. That is the same in substance as our statutory provision which would have permitted this uncle to inherit from his relation. Finally, the Maryland statute gave to the child of a predeceased brother or sister the right to inherit the share which such predeceased

brother or sister would have taken if living, exactly the same in effect as our statute. The Maryland court, in determining our very question, held that the illegitimate child should inherit the share which his mother would have taken if living, saying, " It would certainly seem to be a reasonable construction of statutory provisions which are codified together as parts of the same general plan of descent and distribution to hold that one who is placed in the position of a lawful begotten child for the purpose of inheriting from his mother should be regarded as a ' child ' of the mother, within the intent of the law, for the purpose of succeeding to the estate which she would have inherited if she had survived."

Rarely does one find such close statutory resemblance in a case where the statute must be the only guide. The Maryland statutory provisions differ from those of our own State as to a situation like this in the use by Maryland of the words " child " or " children " where our Legislature used the wording " descendants." This variation in verbiage is immaterial.

While the liberal and humane interpretation of the Maryland court is all that is necessary to sustain such a decision, we have the added indication of the legislative intent in New York of the repeal of the former prohibition against illegitimate relatives inheriting. The Legislature thus opened the door when it removed the former statutory provision which would have prevented this appellant from inheriting his uncle's estate. We should be no less liberal than the courts of our sister State of Maryland in removing the bar sinister from its innocent victim, especially where he is the only blood relative and the entire estate will pass to strangers to the blood if we construe the statute too strictly. Blood is still thicker than water.

I am purposely giving no heed to the cases before September 1, 1930, dealing with the rights of illegitimates to inherit because the legal effect of such cases is now wiped out by statutory mandate. *Matter of Battalico* v. *Knickerbocker Firepr. Co.* (250 App. Div. 258), cited by the court below, is not an authority here.

I favor a reversal of the decree revoking appellant's letters of administration and dismissing the petition upon the merits, with costs.

Decree affirmed, with costs to respondents, payable out of the estate.