ANGELINA CIARLO et al., Plaintiffs, *v.* NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Defendant.

First Department, May 3, 1946.

*Michael F. Pinto* of counsel (*Benjamin D. Stein* with him on the brief; *Pinto & Marcantonio,* attorneys for Frances A. Ciarlo individually; *Benjamin F. Karpay,* attorney for Frances A. Ciarlo as general guardian and guardian ad litem), for plaintiffs.

*Henry J. Shields* of counsel (*James Hall Prothero* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for defendant.

PECK, J.   The controversy relates to rights to death benefits under the New York City Employees' Retirement System (Greater New York Charter, §§ 1717, 1718 [L. 1901, ch. 466, as amd.]; now Administrative Code of City of New York, §§ B3–32.0, B3–33.0).   Thomas A. Ciarlo was a city employee and member of the Retirement System.   He was injured in the performance of his duties and died from those injuries.   Plaintiff Frances A. Ciarlo, purported to be the wife of Thomas A. Ciarlo, but their marriage was invalid because at the time Frances A. Ciarlo was married to another.   Thomas Ciarlo is the illegitimate son of Thomas A. Ciarlo and Frances A. Ciarlo.

Section 1717 of the Greater New York Charter provides that upon the death of a member of the Retirement System there shall be paid to his estate or person designated by him (a) his accumulated deductions, and in addition thereto, unless a pension be payable under the provisions of section 1718, (b) an amount equal to the compensation earnable by him while a member during the six months immediately preceding his death.

Section 1718 provides that upon the accidental death of a member, resulting from an accident sustained in the performance of duty, his accumulated deductions shall be paid as aforesaid, and " upon application by or on behalf of the dependents of such deceased member, the board of estimate and apportionment shall grant a pension of one-half of the final compensation of such employee (a) to his widow, to continue during her widowhood; or (b) if there be no widow, * * * then to his child or children * * *."

Frances A. Ciarlo was designated by Thomas A. Ciarlo to receive the death benefits under section 1717. The accumulated deductions have been paid to her. She concedes that, not being the lawful wife of Thomas A. Ciarlo, she is not individually entitled to the accidental death benefits under section 1718. She claims, however, that as guardian of Thomas Ciarlo she is entitled to the accidental death benefits under section 1718, and in default of gaining recognition of that right, she is entitled individually, as designee of Thomas A. Ciarlo, to the ordinary death benefits under section 1717. The defendant contends that an illegitimate child is not a " child " within the meaning of section 1718, and is not entitled to receive the accidental death benefits thereunder. The defendant also takes the position that Mrs. Ciarlo is not entitled to ordinary death benefits under section 1717 because, as the defendant construes that section, benefits are not payable thereunder in the case of an accidental death, although accidental death benefits may not be payable under section 1718.

The questions submitted, therefore, are (1) whether an illegitimate child is entitled to accidental death benefits under section 1718, and (2) if not, whether the designee under section 1717 is entitled to ordinary death benefits.

The defendant relies on those cases, stemming from the law of inheritance, which hold that the word " child " ordinarily means legitimate child. As stated in *Bell* v. *Terry & Tench Co.* (177 App. Div. 123 [1917]), " It is a rule of construction that, *prima facie,* the word ' child ' or ' children,' when used in a statute, will or deed means legitimate child or children." The court there was interpreting the meaning of the word " child " in the then Workmen's Compensation Law, pointing out that the statute not only did not provide for illegitimate children, but used definitions of " children " inconsistent with the inclusion of illegitimate children. It should be noted that the Workmen's Compensation Law has since been amended to include illegitimate children as beneficiaries.

In *Hiser* v. *Davis* (234 N. Y. 300 [1922]), the court made the observation that under the law in this State the word " child " in a statute or will, *without any other description,* does not include an illegitimate child, citing *Bell* v. *Terry & Tench Co.* (*supra*).

Following these canons of construction, the question is whether the statute here under consideration contains some description of the class to be benefited, other than the denomination " child " to give the word, as here used, larger scope than its prima facie meaning. We find such further description in the statutory provision that the benefits thereunder shall be paid " upon application by or on behalf of the dependents of such deceased member." This language of the statute specifically expresses the purpose which is otherwise implicit of providing for the dependents of a member after his death. Illegitimate children are quite as much dependents, legally as well as morally, as legitimate children. We are justified, therefore, in departing from inheritance law concepts and principles, and in giving to this statute the broad construction indicated by its purpose and language, and in giving to the word " child ", as used therein, its full natural meaning rather than a narrow legal meaning.

We find well-expressed support for this view in the opinion of the Circuit Court of Appeals, Second Circuit, in *Middleton* v. *Luckenbach S. S. Co.* (70 F. 2d 326), where the court, in construing the Federal Death Act, said: " There is no right of inheritance involved here. It is a statute that confers recovery upon dependents, not for the benefit of an estate, but for those who by our standards are legally or morally entitled to support. Humane considerations and the realization that children are such no matter what their origin alone might compel us to the construction that, under present day conditions, our social attitude warrants a construction different from that of the early English view. The purpose and object of the statute is to continue the support of dependents after a casualty. To hold that these children or the parents do not come within the terms of the act would be to defeat the purposes of the act. The benefit conferred beyond being for such beneficiaries is for society's welfare in making provision for the support of those who might otherwise become dependent."

We hold that the plaintiff, as guardian of Thomas Ciarlo, is entitled to payment of the accidental death benefits provided by section 1718. In view of this holding, we are not required to pass upon the second question submitted, whether the plain-

tiff individually would be entitled to the payment of ordinary death benefits under section 1717, were accidental death benefits not payable under section 1718.

MARTIN, P. J. (dissenting). The agreed statement of facts recites that the member of the Retirement System was injured while in the performance of his duties and died from those injuries. The rights and obligations of the parties are governed by the provisions of section 1718 of the Greater New York Charter. There are three claimants for the pension which may be granted thereunder. The claim of Frances A. Ciarlo must be eliminated because she was not the lawful wife of the deceased member of the system. The claim of Angelina Ciarlo, the mother of the deceased member, may not be allowed as it does not appear that she is a dependent. There remains the claim of the infant, Thomas Ciarlo, the son of the deceased member. He is the issue of the invalid union of Frances A. Ciarlo and the deceased member of the system and is illegitimate. As such he does not come within the provisions of section 1718.

In *Bell* v. *Terry & Tench Co.* (177 App. Div. 123) it is said: "It is a rule of construction that, *prima facie,* the word 'child' or 'children,' when used in a statute, will or deed means legitimate child or children. * * * And the rule is well settled that words having precise and well-settled meaning in the jurisprudence of a country have the same sense in its statutes unless a different meaning is plainly intended. (*Perkins* v. *Smith,* 116 N. Y. 441.)"

The same rule was applied in *Matter of Cady* (257 App. Div. 129, affd. 281 N. Y. 688).

In a few instances the State Legislature has deemed it appropriate to depart from the common-law rule that an illegitimate is *nullius filius,* but it has not yet abolished all legal distinction between children born in and out of wedlock. The circumstances in this case invoke sympathetic consideration but we find nothing in the section of the charter involved plainly expressing an intention to enlarge the category of beneficiaries. The qualification "dependents" has reference to economic condition and not to legal status.

If section 1718 is intended to benefit illegitimates, the only qualification is dependency. This gives rise to further difficulties. An illegitimate to whose support a member has been contributing compulsorily as the result of a court order might well be considered dependent. The Workmen's Compensation Law (§ 2, subd. 11), which confers benefits not unlike those here

involved, limits the inclusion of an illegitimate in the term "child" to an "acknowledged illegitimate child dependent upon the deceased." It may be of interest to note that the Industrial Board has ruled that an illegitimate child born after the death of the father is not a "child" within the meaning of the section even though it appeared that the deceased had stated that he expected the birth of a son by the woman whom he stated to be his wife, the board ruling that the time had not yet arrived when the claimant could be regarded as dependent upon the deceased, assuming a sufficient acknowledgment (*Matter of Munn* v. *Great Lakes Dredge & Dock Company,* 33 St. Dept. 144). In *McLean* v. *Thatcher Process Co., Inc.* (214 App. Div. 842), compensation award was denied on the ground that it did not appear that the child was an acknowledged illegitimate child within the meaning of the statute. In the absence of a clear expression of legislative intention, the rule expressed in *Bell* v. *Terry & Tench Co.* (*supra*) must be adhered to.

The claims of all claimants must be denied. Judgment should be entered accordingly.

CALLAHAN, J. (dissenting in part). While I agree with the conclusion of the Presiding Justice that the infant, Thomas Ciarlo, is not entitled to receive the accidental death benefits for the reasons which he has stated, I am of the opinion that the claim of Frances A. Ciarlo, individually, for the payment of ordinary death benefits should be allowed.

Upon the dates involved herein benefits were conferred upon members of the New York City Employees' Retirement System under sections 1717 and 1718 of the Greater New York Charter. Section 1717 provided, in substance, that upon the death of a member there shall be paid to his estate or to a person indicated in a written designation, (a) accumulated deductions, and in addition thereto — "unless a pension be payable" under section 1718 — (b) an amount equal to the member's compensation earnable during the six months preceding his death.

Section 1718 granted a pension in addition to accumulated deductions in the event that a member was accidentally killed while at work.

As I construe these two sections I think they evidence a plan whereby the insurance feature under section 1717 was to be payable irrespective of whether death was by accident or from natural causes. In the event of the death of a member as the result of an accident where there was no dependent who was

entitled to a pension, a member's designated beneficiary, in my opinion, should receive an amount equal to six months' compensation.

Frances A. Ciarlo was the designated beneficiary in this case, and as there is no one entitled to a pension she should recover the amount indicated.

I vote to direct judgment in favor of Frances A. Ciarlo accordingly.

TOWNLEY and GLENNON, JJ., concur with PECK, J.; MARTIN, P. J., dissents in opinion; CALLAHAN, J., dissents in part, in opinion.

Judgment directed in favor of plaintiff Frances A. Ciarlo as guardian of Thomas Ciarlo in accordance with the opinion of PECK, J.

Settle order on notice.