Salome A. Flanagan, as General Guardian for Francis A. Flanagan, Jr., et al., Plaintiffs, *v.* William O'Dwyer et al., Constituting the Board of Estimate of the City of New York, as Trustees of the New York City Employees' Retirement System, et al., Defendants, and Robert F. Flanagan et al., Cross Claimants, Defendants.

Supreme Court, Trial Term, New York County, January 5, 1950.

*Benjamin Levin* for plaintiffs.

*Jeremiah F. Cross* for cross claimants, defendants.

HOFSTADTER, J. This action is brought by plaintiffs to recover against the board of estimate of the city of New York, as trustees of the New York City Employees' Retirement System and the New York City Employees' Retirement System, on behalf of the plaintiff, Francis A. Flanagan, Jr., the cash death benefit in the sum of $4,382.90, and on behalf of the plaintiff, George P. Flanagan, the accumulated salary deductions in the sum of $6,045.91, both payable on the death of Francis A. Flanagan.

The Appellate Division, First Department, made an order permitting the said defendants to interplead the cross claimants, and to pay to the treasurer of the city of New York the funds involved in this action, and discharging the defendants from liability to either of the parties, upon making such payment. The cross claimants, so interpleaded, Robert Francis Flanagan and Gladys Marie Flanagan, claim to be entitled to the said cash death benefit and accumulated salary deductions, in equal shares.

Francis A. Flanagan, deceased, was an employee of the city of New York and a member of the New York City Employees' Retirement System. On February 8, 1937, he filed a designation of beneficiary with the system, nominating the cross claimants to receive the cash death benefit and accumulated salary deductions in equal shares.

On the same date, a decree was made in an action brought in this court, Bronx County, by Naomi Flanagan against her husband, Francis A. Flanagan, separating the parties and requiring him to pay to her during her life the sum of $20 per week commencing with February 15, 1937, and the sum of $25 per week commencing with January 1, 1938, for her support and the support, maintenance and education of the issue of their marriage.

On or about August 10, 1939, Naomi Flanagan, having previously obtained a judgment against Francis A. Flanagan for $1,145 for arrears of alimony, and an additional sum of $325 for unpaid alimony having accrued, made an application to Special Term, Bronx County, pursuant to the provisions of sections 1171 and 1171-a of the Civil Practice Act, to sequester certain funds which allegedly the New York City Employees' Retirement System held to his credit and account. Special Term in effect denied this application, but the order which was entered thereon, dated September 1, 1939, contained the following provision: " Ordered that the said motion be, and the same is hereby granted only to the extent of restraining any disposition or encumbrance by the defendant herein of his interest in the pension fund of the New York City Employees' Retirement System and any payment to him out of said fund until the further order of this Court." There has been no further order of the court.

On March 27, 1940, Mr. Flanagan changed the beneficiary of the cash death benefit and the accumulated salary deductions by filing with the system a designation nominating his sister, Catherine V. Flanagan. On June 19, 1944, he again changed

the beneficiary by filing with the system a designation, nominating one of the plaintiffs, Francis A. Flanagan, Jr., to receive the cash death benefit, and the other plaintiff, George P. Flanagan, to receive the accumulated salary deductions. Francis A. Flanagan died on May 20, 1948. Thereafter, both plaintiffs and cross claimants respectively filed with the system proofs of claim upon forms provided by the system.

The plaintiffs were children of the employee, born out of wedlock; the cross claimants were the issue of the marriage of the employee and Naomi Flanagan.

The plaintiffs base their claim upon the designation of beneficiary filed in June, 1944, and on the ground that at the time of the death of the employee, they were the designated beneficiaries of the respective benefits. The cross claimants base their claim upon the designation of beneficiary filed in February, 1937, and on the ground that the changes of the beneficiary of March 27, 1940, and of June 19, 1944, were in violation of the restraining order of September 1, 1939, and were therefore null and void. The issue narrows down to whether the restraining provision of the order of the Special Term impaired the validity of the subsequent designation by the employee of the plaintiffs, as beneficiaries, that is, whether the latter designation was such a disposition or encumbrance by the employee of his interest in the system as was enjoined by the Special Term. I think not.

A proper construction of the Special Term order, its scope and effect, can best be determined by an examination and analysis of the provisions of the Civil Practice Act pursuant to which the sequestration proceeding was brought, and the papers upon which the decision of the court was based, including the order to show cause with its annexed affidavits, and the memoranda which were submitted in opposition.

Section 1171 of the Civil Practice Act provides for the enforcement of the payment of alimony, and specifically only, for the husband giving reasonable security for such payment, and in default of giving security or making payment, for the sequestration, and the appointment of a receiver of his personal property and the rents and profits of his real property. (Section 1171-a makes similar provision where the defendant cannot be personally served within the State and was not applicable here.)

It clearly appears that, in conformity with the statute, Naomi Flanagan sought merely the appointment of a receiver and sequestrator, and the furnishing of a bond by the husband

to insure payments of alimony. And the specific and sole property against which the sequestration was directed was a pension fund, representing accumulated salary deductions amounting to $1,800, allegedly to the husband-employee's credit and account in the New York City Employees' Retirement System. Although the employee had the right to designate a beneficiary to whom salary deductions and, additionally, a cash death benefit should be paid in the event of his death prior to retirement on pension, and to revoke any such designation previously made, the wife did not request an injunction restraining him from making any change in beneficiary — presumably, because the statutory remedy did not embrace such relief.

Throughout the motion for sequestration, not a single mention of designation, or change of designation, of beneficiary by the husband-employee was made by any of the parties. Moreover, the Special Term order does not in so many words restrain the changing of the beneficiary. I must conclude that such a restraint was not contemplated by the court nor by the parties, not even by the moving party. And the right of the wife to obtain such an injunction not having been within the issues presented, the court would have been without jurisdiction to have made such an adjudication. (*Allen* v. *Farmers' Loan & Trust Co.,* 18 App. Div. 27.)

Looking to the language of the order, that which is restrained thereunder is '' any disposition or encumbrance '' of the husband's '' interest in the pension fund '', and '' any payment to him out of said fund ''. The corporation counsel, who, on behalf of the retirement system, opposed the application for sequestration, urged that no pension had as yet accrued to the employee, and that therefore he had no property which was subject to sequestration; that the accumulated salary deductions were then the property of the board of estimate, as trustee, and that the employee could only finally withdraw the funds if and when his membership in the system was terminated, either by his resignation from the employ of the city or his being retired therefrom pursuant to law, in accordance with the provisions of the Administrative Code of the City of New York. It should be noted at this point that at the time of the motion the employee had the privilege of borrowing from his funds in the retirement system an amount not exceeding 40% of the amount of his accumulated contributions. (Administrative Code of City of New York, § B3–28.0.) The restraint of '' any payment to him out of said fund '' may properly have contemplated payment to him under either of the foregoing

contingencies, and the restraint of "any disposition or encumbrance" by him, may well have related to the same.

Benefits paid upon the employee's death prior to his retirement on pension, to beneficiaries designated by him, would not be payments to the husband, nor would they constitute his personal property. No interest whatever therein accrues to his estate. I adopt the language of the New Jersey court in *Matter of Koss* (106 N. J. Eq. 323, 326): "Instead of regarding the designation of the beneficiary as a disposition of property we regard it as the mere naming of a person for whose benefit a contract is made". Both parties admit that the employee's membership in the retirement system was a contractual relationship, the cross claimants citing section 7 of article V of the Constitution of the State of New York to that effect.

There is a distinct analogy between membership in the retirement system, with payments to designated beneficiaries upon death of the member, and an insurance policy, on the one hand, and the exercise of a power of appointment, on the other. In *Ward* v. *New York Life Ins. Co.* (225 N. Y. 314, 319) it was held that the beneficiary of an insurance policy claiming money directly from an insurance company does not claim "from, through or under" the insured in said policy, "even though the latter made the designation". The court said: "Nevertheless with very limited exceptions it has been held that the title of a grantee under a power of appointment comes from the donor of the power rather than from one who exercises it (*Chanler* v. *Kelsey*, 205 U. S. 466, 474), and principles similar to those applied in the case of powers, we think lead to the conclusion that beneficiaries like the respondents secure their money from the insurance company and not from the insured who designated them."

In *Rosenberg* v. *Rosenberg* (259 N. Y. 338, 342) plaintiff, who had been appointed in sequestration proceedings, sought an order directing the Equitable Life Assurance Society of the United States to turn over to her the cash surrender or loan value of three paid-up policies of life insurance issued upon the life of the defendant, the beneficiaries being the daughters of the insured. The court said: "Both these sections [sections 1171 and 1171-a of the Civil Practice Act] authorize the court, in matrimonial actions, to sequestrate the property, both real and personal, of the husband * * *. However broadly these sections may be interpreted, they are at least limited to property which, beyond any reasonable

question, belongs to the husband." And in the case of *Maurice v. Travelers Ins. Co.* (121 Misc. 427, 436) LEHMAN, J. says: "No statute either expressly or by clear implication has provided that the retained power to change the beneficiary is property which passes to a receiver or may be seized by creditors ".

It follows from the authorities cited, and others, that the moneys payable to beneficiaries by the retirement system, in the instant case, never belonged to the deceased employee in his lifetime and in fact did not come into existence until his death. At the time of payment over to the treasurer of the city of New York under the order of interpleader, they were the property of the system. These moneys therefore were not personal property of the husband, subject to sequestration under section 1171 of the Civil Practice Act, and the court, without authority to make any disposition with respect to them, doubtless did not intend to do so. It is fair to assume that the sole purpose of the Special Term, in ordering the restraint, was to secure to the wife, insofar as possible, the payment of alimony arrears. But this could not be served by restraining a change of beneficiary, for the reason that a payment of the benefits accruing upon the death of the employee to the cross claimants, the original beneficiaries, would no more legally avail the wife or secure the payment to her of alimony arrears than would payment of such benefits to other designees. The Special Term, therefore, could not have contemplated a restraint of that nature.

Finally, the cross claimants base a major part of their case upon the behavior of the husband-father-employee — his extra-marital relationship with the mother of the plaintiffs, and his changing beneficiaries from his legitimate children to his illegitimate children. Manifestly, these extraneous matters have no bearing upon the issue here. But in view of counsel's insistent appeal to the " conscience of the court " — as he puts it — it becomes requisite, perhaps, to say in the language of the court (per PECK, J.) in *Ciarlo* v. *New York City Employees' Retirement System* (270 App. Div. 594, 597) that " Illegitimate children are quite as much dependents, legally as well as morally, as legitimate children " — and to remark that in any event, it is alien to the competent province of this court, to visit the sins of the father upon any of his children.

The plaintiffs' motions to strike are denied with an exception; and the motions of the cross claimants, defendants, including the motion to reopen the case, are denied, with an exception.

Plaintiffs' motions in effect for judgment in their favor and for a dismissal of the claims of the cross claimants, defendants, are granted with an exception to the latter. Judgment is directed in favor of the plaintiff, Francis A. Flanagan, for the sum of $4,382.90, and interest, and in favor of the plaintiff, George P. Flanagan, for the sum of $6,045.91, and interest, with costs against the cross claimants. The treasurer of the city of New York is directed to pay over the moneys in his hands in accordance with the judgment.

The foregoing constitutes the decision of the court; further findings and conclusions are dispensed with. Settle judgment.