OPINION OF THE COURT
George R. Davis, S.
On this petition for the settlement of the administratrix’ account a question has arisen as to the rights of Mary Ellen Nellenback. Sylvester Nellenback died intestate on October 8, 1978, survived by eight adult children and Mary Ellen Nellenback, an infant daughter, born on September 12, 1964 to Ellen Mae Ellsworth, out of wedlock.
There can be no dispute that under current law Mary Ellen is not a distributee entitled to share in intestacy because of the restrictive provisions of EPTL 4-1.2 (“Inheritance by or from illegitimate persons”). There was never an order of filiation made declaring decedent to be Mary Ellen’s father, nor did he sign an instrument acknowledging paternity. (Matter of Lalli, 43 NY2d 65.)
Petitioner disagrees with that portion of the guardian ad litem’s report that there should be a setoff to Mary Ellen of the statutory exemption for her benefit under EPTL 5-3.1 (subd [a]) “Exemption for benefit of family”, which reads as follows: “(a) If a person dies, leaving a surviving spouse or *1062 children under the age of twenty-one years, the following items of property are not assets of the estate but vest in, and shall be set off to such surviving spouse *** In case there is no surviving spouse or such spouse, if surviving, is disqualified, such items of property vest in, and shall be set off to the decedent’s children under the age of twenty-one years”.
The petitioner questions whether EPTL 5-3.1 should run to the benefit of an out-of-wedlock child under 21; suggests that the statute should not be so construed, and argues that it would be inconsistent to deny the out of wedlock an intestate share of the estate but allow her to take under the family exemption. We are reminded of Ralph Waldo Emerson’s witticism “a foolish consistency is the hobgoblin of little minds, adored by little statesmen, philosophers and divines”. We are confident that the result reached herein is not out of harmony with current law.
A summary of the disabilities experienced by the out-of-wedlock child under common law is found in Schatkin, Disputed Paternity Proceedings (vol 1 [4th rev ed], § 1.08): “The common law of England, from which our law stems, was ruthless in its denial of any rights to children born out of wedlock. The legal status of the child was deplorable. He was variously described as filius nullis, — nobody’s child; filius populi — the child of the people; heres nullis — nobody’s heir. He was kin to no one; ‘not of the blood of his father, *** a stranger in blood.’ He was not even considered the lawful child of his own mother, and could not inherit from her. He could not inherit real property from his own issue. He had no heirs but those of his own body. If he died without lawful issue, any real or personal property he possessed escheated to the Crown. He could inherit or acquire nothing except by his own efforts.”
Schatkin (Disputed Paternity Proceedings, vol 1 [4th rev ed], § 1.10) continues to explain the present legal status of the natural child in New York and in other States, particularly in connection with the law of inheritance. Reference is made to New York Civil Practice by Rohan (vol 9, part 2, par 4-1.2[5]) “Status of the illegitimate child under other provisions of the EPTL”. Textwriter Rohan notes that the EPTL contains a number of references to *1063 “child”, “children”, “issue” and “descendants” and that the existence of such persons either controls or alters the rights of beneficiaries to share in an estate. Sections of the EPTL are listed as affected by the decision whether an illegitimate should be included or excluded, and we will not repeat the statutes here.
Insofar as we are able to determine no court of this State has determined the exact question presented, i.e.: Is an out-of-wedlock child entitled to claim the exemption under EPTL article 5 (part 3) “Rights of Family Unit”?
For a number of years and in a variety of situations courts have been called upon to determine whether or not benefits or other rights or prerogatives of a class of person designated as children of another encompass the unfortunate out-of-wedlock child. Ciarlo v New York City Employee’s Retirement System (270 App Div 594) leads the way for the conclusions to be reached in the instant matter. In Ciarlo (supra), the issue was whether an illegitimate child was entitled to receive accidental death benefits where the New York City Charter provided that pensions be granted to an employee’s widow or, if there be no widow, “then to his child or children”. The court by Mr. Justice Peck reviewed the law of inheritance and rules of construction which were to the effect that the word “child or children”, when used in a statute, will or deed ordinarily meant legitimate child or children. The court went on to point out that the statute which created the retirement system provided for benefits to be paid upon application by or on behalf of the dependents of a deceased member, and inasmuch as illegitimate children were dependents, legally as well as morally, as legitimate children, the statute should be given a broad construction and benefits afforded the out of wedlock. The court further found precedent in the opinion of the Circuit Court of Appeals, Second Circuit, in Middleton v Luckenbach S. S. Co. (70 F2d 326, 329-330), where the court in construing the Federal Death Act, said: “There is no right of inheritance involved here. It is a statute that confers recovery upon dependents, not for the benefit of an estate, but for those who by our standards are legally or morally entitled to support. Humane considerations and the realization that children are such no matter *1064 what their origin alone might compel us to the construction that, under present day conditions, our social attitudes warrants a construction different from that of the early English view. The purpose and object of the statute is to continue the support of dependents after a casualty. To hold that these children or the parents do not come within the terms of the act would be to defeat the purposes of the act. The benefit conferred beyond being for such beneficiaries is for society’s welfare in making provision for the support of those who might otherwise become dependent.”
Matter of Hoffman (53 AD2d 55) involved the construction of a will by the Surrogate so as to exclude illegitimate children from the remainder benefits in a trust for the benefit of testatrix’ two cousins. The will provided that when the first of the two should die, his one-half share of the income should be paid for the duration of the trust term “to his issue”. The court (First Dept, by Mr. Justice Birns) traced English legal history relating to the treatment of illegitimates under the common law and the changes in the laws concerning the out-of-wedlock child in this and in other jurisdictions. The court appended a listing of statutes, State and Federal, demonstrating “significant changes in societal attitudes vis-a-vis illegitimate children, each of which was directed toward the elimination of disadvantages, legal and social, suffered by illegitimates.” The court in Matter of Hoffman (supra) concluded that in the absence of an expressed qualification by the testatrix, her use of the word “issue” included both legitimate and illegitimate descendants. The court refused to interpret the word “issue”, as had been done previously, by reading the word as being qualified by the word “lawful”.
Without repeating the State and Federal statutes enumerated by Justice Birns in Matter of Hoffman (supra), an examination of list demonstrates that in recent years there has been a marked enlargement of the rights of the out-of-wedlock child. We note that the Legislature, after the courts had determined that illegitimate children had a right to share in the proceeds of a father’s wrongful death action (Matter of Ortiz, 60 Misc 2d -756) amended EPTL article 5 (part 4), entitled “Rights of .members of family resulting from wrongful act, neglect or default causing *1065 death of decedent”, to provide that “[f]or the purposes of this part an illegitimate child is the distributee of his father” (L 1975, ch 357).
EPTL 5-3.1 has always been construed as a remedial statute to be broadly interpreted (Matter of Williams, 31 App Div 617 [widow’s quarantine traced back to Magna Carta]; Matter of Rozenzweig, 31 Misc 2d 845).
In Matter of Driscoll (12 Mise 2d 427, 428), Surrogate Moss in considering a widow’s setoff under section 200 of the Surrogate’s Court Act, the predecessor to EPTL 5-3.1, commented that “[t]he general tendency of a Surrogate’s Court is to favor widows and dependent children of a deceased. This is especially true in connection with section 200 of the Surrogate’s Court Act which is designed for their particular benefit”.
The family rights exemption for setoff to a widow or minor children has been construed to be for the purpose of providing for the comfort and support of the family when an owner of property used for family support and comfort dies. (See Matter of Macneal, 174 Misc 947, Foley, S., citing Lehman, J., in Matter of Burridge, 261 NY 225,226.)
We believe that under EPTL 5-3.1 Mary Ellen is not required to be a distributee in order to benefit, nor need she be considered as a person who inherits from, her father. The purpose of the statute in question is to provide some measure of support and family stability for the minor child or children of a man dying without a wife surviving. After all, during his lifetime the intestate provided for Mary Ellen and could have been required to had he failed. (Family Ct Act, § 513.) There is no good reason to deny out-of-wedlock children the modest benefits they might receive under EPTL “Family Rights”, especially when considering what they lose if unable to rise to the status of distributee. The courts of California recently construed a like statute to that in question. In Matter of Woodward (230 Cal App 2d 113, 118) the court concluded that illegitimate children were to be included within the “ ‘family’ members entitled to a [statutory family] allowance” under the California Probate Code. (See, also, Ann., 12 ALR3d 1134, 1140, following Matter of Woodward, supra, “Eligibility of file *1066 gitimate child to receive family allowance out of estate of his deceased father”.)
For all of the foregoing reasons it must be determined that Mary Ellen is entitled to have the property set off to her enumerated by EPTL 5-3.1, and a decree may be submitted accordingly.