In the Matter of the Estate of LOUIS DE COPPET, Deceased.

Surrogate's Court, New York County, September 3, 1931.

*Daniel J. Mooney*, for the petitioners, executors.

*Frank L. Warrin, Jr.* [*Bartholomew B. Coyne* of counsel], for the respondent.

FOLEY, S. In this probate proceeding, the decree admitting the will and codicil to probate reserved for future determination, by supplemental decree, the issue as to the domicile of the testator at the time of his death. That question must now be determined.

The executors contend that Mr. de Coppet was domiciled in the county of New York. His widow, Helene de Coppet, contends that he was domiciled in France. Voluminous testimony has been submitted by both sides in support of their respective contentions. I hold upon the evidence that the testator was domiciled in New York county at the time of his death.

Mr. de Coppet was born in New Brunswick, N. J. As early as 1919, he appears to have established his place of residence in New York county. There is some evidence that his legal domicile was in that county even previous to that time. In 1929 he sold the property in which he lived at Park avenue and Seventy-ninth street, New York county, and rented an apartment at 130 East End avenue for a term of ten years, from October 1, 1929, to September 30, 1939. This apartment was spacious and elaborate. The initial rent was $17,000 per year. He was engaged in business in New York city as a stockbroker and was a member of the firm of Jacquelin & de Coppet. He owned a seat on the New York Stock Exchange up to the time of his death. The testimony shows that he made frequent trips abroad, particularly to Switzerland and France. While in France, on January 11, 1930, he married the respondent (his second wife). He returned to New York and later made another round trip to Europe during the summer of 1930. On November 12, 1930, he sailed on his last trip to Europe. Shortly after his arrival in Paris, he executed a lease of an apartment in that city for a term of three years. He died at Dijon, France, on January 11, 1931.

The most convincing proofs in the record are the numerous and repeated declarations, in writing, of Mr. de Coppet, showing that his domicile and residence continued during the last years of his life in New York county. These statements, many of which were sworn to by the decedent, are contained in his United States passports, in his will and codicil which were executed within a year and a half of his death, in his baggage declarations, in income tax returns, in verified statements made at the time of his marriage in France in 1930, and in various other writings. His letters from abroad, up to within a few weeks of his death, likewise evidence

his intention to return to the United States and to his "home," as he called it, here in New York county.

The evidence submitted in opposition to this array of proof is most indefinite and unsatisfactory. It consists, in great part, of oral declarations, or general statements in his letters as to his intention, sometime in the future, to live in France. These statements indicate, at most, a desire to withdraw from active business and to spend more of his time abroad. They do not establish any fixed and definite intent to abandon his New York domicile. Nor were they accompanied by the requisite element of *factum* or conduct of the testator effectuating the transfer of domicile. Moreover, his actions and contrary written declarations, to which I have referred, negative these statements of mere intention.

The renting of an apartment in Paris in November, 1930, is an unimportant incident when compared with the retention of his apartment in New York city on a long lease with substantially nine years of the term remaining. The maintenance of separate homes by a person is not inconsistent with the continuance of a legal domicile in but one locality. (*Matter of Frick,* 116 Misc. 488.) It is a significant fact also that during the last year of his life, in March, 1930, Mr. de Coppet served as a juror in the Supreme Court, New York county.

" To effect a change of domicil for the purpose of succession there must be not only a change of residence, but an intention to abandon the former domicil, and acquire another as the sole domicil. * * * In passing upon such a question, in view of the important results flowing from a change of domicil, the intention to make such a change should be established by very clear proof * * * especially when the change is to a foreign country." (*Dupuy* v. *Wurtz,* 53 N. Y. 556.) The " burden of proof rests upon the party who alleges a change." (*Matter of Newcomb,* 192 N. Y. 238.)

When these tests and other pertinent rules are applied to the evidence here, the conclusion becomes inevitable that the domicile of Mr. de Coppet remained in New York, that it was never abandoned, and that at the time of his death he was a legal resident of that county.

Submit supplemental decree on notice accordingly.