In the Matter of the Estate of EUGENE H. WOOD, Deceased.

Surrogate's Court, Ulster County, February 13, 1953.

*Max Goldstein* for Anna H. Wood, as administratrix of the estate of Eugene H. Wood, deceased, respondent.

. *H. Irving Chase* for Jean P. Wood, petitioner.

STERLEY, S. This is a proceeding brought by Jean Patricelli Wood for an order to show cause why the limited letters of administration of the goods, chattels and credits of Eugene H. Wood which were issued by this court on the 8th day of October, 1952, should not be revoked and further that. an order be granted suspending Anna Hauck Wood, to whom limited letters of administration were issued, from the exercise of her power and authority as such administratrix during the pendency of this proceeding.

The above-mentioned order to show cause why the limited letters should not be revoked was granted by this court on November 14, 1952, and on the same date this court granted an order suspending Anna Hauck Wood from the exercise of her power and authority as such administratrix during the pendency of this proceeding.

This application for the revocation of the limited letters of administration was brought pursuant to the provisions of subdivision 4 of section 99 of the Surrogate's Court Act, upon the grounds that the decedent was not a resident, at the time of his death, of the county of Ulster, and, therefore, this court did not have jurisdiction to issue the limited letters of administration.

The facts appear to be as follows: The decedent and the respondent herein, Anna Hauck Wood, were married on the 5th day of September, 1941, at Catskill, in the county of Greene and State of New York. The affidavit and the application for the license to wed at that time stated that it was the first

marriage of both parties. That marriage has never been dissolved. The respondent, Anna Hauck Wood, is the mother of four children which are the issue of said marriage to wit: Linda Ann, age ten years; Jean Dale, age nine years; Harry Eugene, age five years; Marcia Sue, age one year. The respondent and the aforesaid children all reside in the village of Saugerties, county of Ulster and State of New York. Said decedent died on the 30th day of September, 1952, in an auto-truck accident which occurred on Route 17 in Paramus, New Jersey. On the 8th day of October, 1952, limited letters of administration were issued by this court, on the petition of Anna Hauck Wood, the alleged widow of the decedent, for the purpose of commencing a wrongful death action. The said petition alleged that decedent was a resident of the county of Ulster on the date of his death, namely, the 30th day of September, 1952. The sole estate of said decedent consists of a cause of action for decedent's wrongful death. An action is now pending in the Supreme Court of Ulster County with Anna Hauck Wood, administratrix of the goods, chattels and credits of Eugene H. Wood, deceased, as the plaintiff and others as defendants for the decedent's wrongful death.

On the 24th day of January, 1945, in the rectory of St. Joseph's church, city and county of Albany, State of New York, a ceremonial marriage was performed by the Rev. Anthony Adams, uniting in holy matrimony, the said decedent Eugene H. Wood, and the petitioner herein, Jean Patricelli Wood. The affidavit and application for the marriage license to wed stated that it was the first marriage of both parties. The parties to such ceremonial marriage apparently lived together at times until the date of the decedent's death and from such alleged marriage ceremony there were three children which, it is alleged, were the issue of such marriage to wit: Eugene H., Jr., age three years; Richard and Carol Marie, twins, age two years; a fourth child died before birth since the death of the decedent.

A motion was made by the respondent to dismiss the petition of Jean Patricelli Wood on the ground that she has no interest as a matter of law for the reason that she was not the lawful wife of said decedent, Eugene H. Wood, and, therefore, is not a person interested in the estate of the decedent within the meaning and provisions of section 99 of the Surrogate's Court Act.

It would seem that there are two matters for this court to determine. First, whether or not the petitioner is a proper

party to bring a proceeding to have the limited letters of administration revoked in this estate pursuant to the provisions of section 99 of the Surrogate's Court Act. Second, whether or not the decedent was a resident of the county of Ulster.

Section 6 of the Domestic Relations Law contains the following pertinent provisions: "*Void Marriages.* A marriage is absolutely void if contracted by a person whose husband or wife, by a former marriage, is living, unless either: 1. Such former marriage has been annulled or has been dissolved for a cause other than the adultery of such person; provided, that if such former marriage has been dissolved for the cause of an adultery of such person, he or she may marry again in the cases provided for in section eight of this chapter and such subsequent marriage shall be valid."

The counsel for the petitioner, Jean Patricelli Wood, admits and concedes that the said petitioner makes no claim to be the wife of the decedent, Eugene H. Wood, and further admits of a prior marriage of decedent to Anna Hauck Wood, the respondent herein. Nowhere in the testimony taken does it appear that said prior marriage by the decedent with the respondent herein, Anna Hauck Wood, has ever been dissolved by any decree of annulment, divorce or separation. It is uncontradicted and unrefuted that the respondent administratrix, Anna Hauck Wood, was the lawful wife and is now the lawful widow of decedent. The testimony taken by this court unquestionably shows that she is the lawful widow of the decedent. Therefore, it follows that the marriage which took place between the petitioner, Jean Patricelli Wood, and the decedent was a bigamous marriage. According to the provisions of section 6 of the Domestic Relations Law, as heretofore set forth, a marriage is absolutely void if contracted by a person whose husband or wife, by a former marriage, is living, unless such former marriage has been annulled or has been dissolved by divorce. Therefore, it is reasonable to believe that the second marriage between the petitioner, Jean Patricelli Wood, and Eugene H. Wood, if void, was a bigamous marriage. The fact that the bigamous and void marriage was solemnized by a member of the clergy of any religion, or officiated by any other person by whom a marriage may be solemnized under section 11 of the Domestic Relations Law makes no difference if such marriage was bigamous and void.

The decedent at the time he entered into the marriage with the petitioner, Jean Patricelli Wood, was a married man and

the husband of Anna Hauck Wood, said marriage between decedent and respondent, Anna Hauck Wood, never having been dissolved.

Any subsequent attempted marriage by a person at a time when his spouse is living is void *ab initio*. (*Anonymous* v. *Anonymous*, 174 Misc. 906 [1940] and other cases cited therein.) A marriage presupposes capacity of both parties to enter into such union, and if any impediment exists such as an undissolved former marriage an attempted subsequent marriage is invalid, whether it was solemnized ceremonially or contracted by mutual agreement of parties. (*Matter of Kearn*, 16 N. Y. S. 2d 560 [1939].) A marriage to a man who has a wife living and is undivorced is void *ab initio* rather than voidable. (*Renzo* v. *Reid Ice Cream Corp.*, 254 App. Div. 794 [1938].) An attempted second marriage at time husband had a wife living without marriage having ever been dissolved by valid divorce or annulment was bigamous and void, regardless of whether subsequent marriage was ceremonial or under the common law. (*Matter of Flannagan*, 51 N. Y. S. 2d 369 [1944].) A purported ceremonial marriage, if any, between petitioner and respondent would have been a nullity because of respondent's legal incapacity to contract a valid marriage, where respondent at time of such marriage was still the husband of a third party and respondent's marriage to third party had not been terminated by death or decree of divorce or annulment. ("*Castellani*" v. "*Castellani*", 176 Misc. 763, 879 [1941], affd. *sub nom. Capaldo* v. *Capaldo*, 263 App. Div. 984, motion for leave to appeal denied 264 App. Div. 755.)

The petition in this proceeding was brought by Jean Patricelli Wood and in said petition she alleges that she is the mother and natural guardian of Eugene H. Wood, Jr., Richard Wood and Carol Marie Wood, infant children of Eugene H. Wood, deceased, and as such is a person interested in the estate of said deceased.

The provisions of Statute of Distribution that all existing modes, rules and canons of descent were abolished, did not change common-law rule that an illegitimate is nobody's son. (Decedent Estate Law, § 81; *Matter of Cady*, 257 App. Div. 129, [1939], affd. 281 N. Y. 688.) The common-law rule that an illegitimate was nobody's son was not a statute of distribution, but established that the illegitimate was not to be regarded the child or descendant of anyone. (*Matter of Cady, supra.*) Illegitimacy denies to a child the right to inherit from father. (*Saks*

v. *Saks,* 189 Misc. 667 [1947].) Illegitimate issue of bigamous second marriage, ceremonial or otherwise, cannot, take, as against innocent widow of first marriage, property of its parent who is guilty of misconduct.

It is the opinion of this court, in view of the circumstances, testimony taken, and decisions heretofore cited, all of which have a direct bearing in the case herein, that the said Jean Patricelli Wood, the petitioner herein, has no interest as a matter of law in this proceeding for the reason that she is not the lawful wife of said Eugene H. Wood, deceased, and that her relationship with the said deceased was meretricious, illegal and unlawful; and that she has no interest or claim in the estate of Eugene H. Wood.

That the said infants who are set forth in the petition of the said Jean Patricelli Wood, to wit: Eugene H. Wood, Jr., Richard Wood and Carol Marie Wood are illegitimate children, born of a meretricious relationship between Eugene H. Wood, deceased, and the said Jean Patricelli Wood; and the said infants have no claim or interest in the said estate of Eugene H. Wood, deceased.

That the said Anna Hauck Wood is the lawful and sole surviving widow of the said Eugene H. Wood.

The motion by the respondent to dismiss the petition of Jean Patricelli Wood on the ground that she has no interest as a matter of law for the reason that she was not the lawful wife of the said decedent, Eugene H. Wood, is hereby granted. The order made by this court on November 14, 1952, in which Anna Hauck Wood, as administratrix of the goods, chattels and credits of Eugene H. Wood, deceased, was suspended from the exercise of her power and authority as such administratrix during the pendency of this special proceeding, is hereby vacated and the said Anna Hauck Wood as administratrix etc. of the estate of Eugene H. Wood, deceased, shall have the authority to exercise her power and authority as such administratrix.

A decree upon notice may be entered accordingly.

The question of the jurisdiction of this court was raised by the petitioner in this proceeding upon the ground that the decedent was not in fact a resident of the County of Ulster. Although this court has granted the motion of the respondent to dismiss the proceeding upon the ground that the petitioner, Jean Patricelli Wood, did not have an interest in the estate of Eugene H. Wood for the reason that she was not the lawful wife of said decedent, this court, through its inherent powers, will pass upon the question of jurisdiction.

The evidence before this court on the part of the respondent was sufficient to show that notwithstanding decedent's entrance into an illicit meretricious relationship with the petitioner in the counties of Albany, Warren, and Rensselaer, said decedent's domicile remained in the county of Ulster, namely, in the village of Saugerties of said county where he had established, maintained and furnished a home for his lawful wife and the issue of his one and only valid marriage to said respondent administratrix.

The evidence shows that the decedent was domiciled in Ulster County at the time of his death, although he maintained a home elsewhere for his illegitimate children. (*Matter of De Coppet*, 141 Misc. 406.) The decedent committed a crime of bigamy in Albany County and the fact that he made efforts to conceal said crime and escape from criminal prosecution cannot, as a matter of law, affect his legal domicile in Ulster County where he established a home for himself, his wife and children. The decedent continued cohabitation with the respondent from the time of their marriage up to the time of decedent's death. This was evidenced by the birth of four children, the youngest of whom is one year of age and in the opinion of this court is prima facie presumption of decedent's domicile in the county of Ulster where all the aforesaid events occurred. It is a well-settled rule that a " residence " is temporary in nature, and " domicile " is permanent in character, and a person can have one or more residences but can have only one domicile at any time. (*Maloney* v. *Maloney*, 22 N. Y. S. 334, affd. 262 App. Div. 936, affd. 288 N. Y. 532.) An intention to change a domicile must be honest and in good faith. (*Matter of Newcomb*, 192 N. Y. 238.)

The evidence taken in this case and the many cases heretofore decided which have a strong bearing upon the question of domicile and residence, some of which are herein cited, strongly support the opinion of this court that the decedent died a resident of the County of Ulster and that the granting of limited letters of administration of the goods, chattels and credits of Eugene H. Wood, deceased, was wholly within the jurisdiction of the Ulster County Surrogate's Court. It is thus decided that the deceased died a resident of the County of Ulster.

A decree upon notice may be entered accordingly.